Stephen R. **BAXTER** and Elizabeth Baxter, Appellants–Defendants,

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 24A01–0001–CV–9.**

Court of Appeals of Indiana.

Aug. 29, 2000.

George A. Leininger, Ewbank & Kramer, Lawrenceburg, Indiana, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Barbara Gasper Hines, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

RILEY, Judge

### STATEMENT OF THE CASE

Appellants–Defendants Stephen R. Baxter (Stephen) and Elizabeth M. Baxter (Elizabeth) (hereinafter collectively referred to as "Baxters") appeal the trial court's denial of their Motion for Relief from Judgment or Order of the trial court's Order of Appropriation and Appointment of Appraisers on the State of Indiana's (State) Complaint for Appropriation of the Baxters' Real Estate. The Baxters also appeal the trial court's order overruling their objections to the State's complaint for appropriation of their real estate.

We reverse.

### ISSUE

The Baxters raise two issues for review, which we consolidate and restate as one dispositive issue: whether the trial court properly denied the Baxters' motion for relief from the Order of Appropriation and Appointment of Appraisers when the trial court's Order was entered without communication to the Baxters and without affording them a default hearing.

### FACTS AND PROCEDURAL HISTORY

On February 2, 1998, the State of Indiana filed a Complaint for Appropriation of Real Estate for the improvement of a public highway, U.S. Route 52, in Franklin County, Indiana. The complaint named as Defendants, Stephen Baxter and Elizabeth Baxter as the owners of the real estate. That same day, the State filed with the Franklin Circuit Court a Summons and Notice of Appropriation of Real Estate, notifying Elizabeth M. Baxter and Stephen R. Baxter by certified mail, at: P.O. Box 352, Oxford, Ohio 45056, to appear before the Circuit Court of Franklin County, Indiana, on or before March 10, 1998, to show cause, if any exists, why the real estate to be appropriated by the State

of Indiana in this cause should not be condemned. Further, Howard L. Stevenson, Deputy Attorney General, filed an Affidavit for Service of Publication, stating that: (1) the Baxters were nonresidents of Indiana and their last known address was P.O. Box 352, Oxford, Ohio 45056, (2) on behalf of the State of Indiana, an Indiana Department of Transportation employee had made a diligent attempt to locate the Baxters, and (3) he believed that the Baxters could not be located because several attempts to locate them had been unsuccessful. (R. 20). Finally, on February 2, 1998, the State filed a Summons and Notice of Appropriation of Real Estate by Publication, notifying the Baxters to appear in the Franklin Circuit Court on or before March 10, 1998.

On March 5, 1998, John J. Dornette appeared in the Franklin Circuit Court on behalf of Elizabeth and Stephen Baxter and filed an Objection to Condemnation, including five (5) objections to the appropriation of their real estate.

On April 30, 1998, the trial court entered an Order of Appropriation and Appointment of Appraisers finding in pertinent part that: (1) the State filed its Complaint for Appropriation of Real Estate in this case on February 2, 1998, and all Defendants were served with notice as provided by statute, and (2) that the Baxters had not appeared in this case. (R. 34).

On May 15, 1998, the Baxters filed a Motion for Relief from Judgment or Order pursuant to Ind.Trial Rule 60(A) and 60(B)(8), claiming that they appeared by counsel in this case on March 5, 1998 and entered their objections to condemnation. The Baxters attached file marked copies of those pleadings to their motion. Further, the Baxters claimed that they served copies of these pleadings upon the Indiana Attorney General on March 3, 1998.

On June 1, 1999, the Baxters filed an Amended Motion for Relief from Judgment or Order to include their meritorious

defenses they claimed in their Objection to Condemnation.

On August 17, 1999, the trial court held a hearing on the Baxters' Motion for Relief from Judgment or Order.

On September 15, 1999, the trial court entered an Order overruling the Baxters' Objections to Complaint for Appropriation of Real Estate, and denied the Baxters' Motion for Relief from Judgment. The Baxters now appeal.

### DISCUSSION AND DECISION

Baxters argue that the trial court erred by denying their motion for relief from the trial court's Order of Appropriation and Appointment of Appraisers. Specifically, Baxters contend that their motion under Ind. Trial Rule 60(A) and Ind. Trial Rule 60(B)(8) should have been granted because the trial court's Order of Appropriation and Appointment of Appraisers was entered without affording the Baxters with notice and a hearing. In the trial court's April 30, 1998 Order of Appropriation and Appointment of Appraisers, it found that "[d]efendants, Stephen R. Baxter, [and] Elizabeth M. Baxter ... have not appeared in this case." (R. 34). However, the Record reveals that on March 5, 1998, John J. Dornette appeared in the Franklin Circuit Court on behalf of Stephen R. Baxter and Elizabeth M. Baxter. Therefore, it appears from the Baxters' Motion for Relief from Judgment or Order they argue that the trial court's failure to take notice of their attorney's appearance in this case amounted to a clerical mistake and entitles them to relief from the Order under Trial Rule 60(A) and Trial Rule 60(B)(8). Essentially, the Baxters claim that the trial court's Order of Appropriation and Appointment of Appraisers without notice and without a hearing is equivalent to an entry of default judgment. Therefore, we will analyze the trial court's denial of the Baxters' motion for relief from the trial court's Order of Appropriation and Appointment of Appraisers as a motion for relief from a default judgment.

The decision whether to set aside a default judgment is given substantial deference on appeal. *Bonaventura v. Leach,* 670 N.E.2d 123, 125 (Ind.Ct.App. 1996), *trans. denied.* Our standard of review is limited to determining whether the trial court abused its discretion. *Bennett v. Andry,* 647 N.E.2d 28, 31 (Ind.Ct.App. 1995). An abuse of discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. *McCullough v. Archbold Ladder Co.,* 605 N.E.2d 175, 180 (Ind.1993). We may affirm a general default judgment on any theory supported by the evidence adduced at trial. *Breeden v. Breeden,* 678 N.E.2d 423, 425 (Ind.Ct.App.1997). The trial court's discretion is necessarily broad in this area because any determination of excusable neglect, surprise, or mistake must turn upon the unique factual background of each case. *Siebert Oxidermo, Inc. v. Shields,* 446 N.E.2d 332, 340 (Ind.1983). Moreover, no fixed rules or standards have been established because the circumstances of no two cases are alike. *Id.* A cautious approach to the grant of motions for default judgment is warranted in "cases involving material issues of fact, substantial amounts of money, or weighty policy determinations." *Green v. Karol,* 168 Ind.App. 467, 473–74, 344 N.E.2d 106, 110–11 (1976). In addition, the trial court must balance the need for an efficient judicial system with the judicial preference for deciding disputes on the merits. *Teegardin v. Maver's, Inc.,* 622 N.E.2d 530, 533 (Ind.Ct.App.1993). Furthermore, reviewing the decision of the trial court, we will not reweigh the evidence or substitute our judgment for that of the trial court. *Professional Laminate & Millwork, Inc. v. B & R Enterprises,* 651 N.E.2d 1153, 1157 (Ind.Ct.App.1995). Upon a motion for relief from a default judgment, the burden is on the movant to show sufficient grounds for relief under Ind.Trial Rule 60(B). *Jostens Learning Corp. v. Education Sys.*

*Corp. of Indiana,* 651 N.E.2d 1186, 1188 (Ind.Ct.App.1995), *trans. denied.*

After a default judgment is entered, the defaulting party may seek to have it set aside through the procedures of Ind. Trial Rule 60(B). Trial Rule 60(B) provides in pertinent part, that "[o]n motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons: (8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4)." T.R. 60(B)(8). In addition, T.R. 60(A) provides in pertinent part, that "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the trial court at any time before the record is filed on appeal...." T.R. 60(A).

Nevertheless, the State argues that the Baxters have failed to show grounds for relief or established a meritorious defense. Generally, to prevail on a motion to set aside a default judgment, a party is not only required to show sufficient grounds for relief under Trial Rule 60(B), but also must make a *prima facie* showing of a meritorious defense. *Smith v. Johnston,* 711 N.E.2d 1259, 1265 (Ind. 1999). A meritorious defense is one demonstrating that, if the case was retried on the merits, a different result would be reached. *Bennett,* 647 N.E.2d at 35. However, the meritorious defense is not absolute. *Standard Lumber Co. of St. John, Inc. v. Josevski,* 706 N.E.2d 1092, 1096 (Ind.Ct.App.1999). Rather, "a default judgment obtained without communication to the defaulted party's attorney must be set aside where it is clear that the party obtaining the default knew of the attorney's representation of the defaulted party in that matter." *Smith,* 711 N.E.2d at 1261–62. *See also Moore v. Terre Haute First Nat. Bank,* 582 N.E.2d 474 (Ind.Ct.App.1991), *reh'g denied* (holding

that dismissal of plaintiff's complaint was void where plaintiff was not sent notice of hearing and therefore plaintiff need not establish a meritorious defense). Because both the State and the trial court failed to communicate to the Baxters that a default judgment was being entered against them, and because no default hearing was ever held, the Baxters need not now establish a meritorious defense.

There can be no doubt that the State and the trial court were on notice that John J. Dornette was representing the Baxters in this matter. Nevertheless, the trial court entered its Order of Appropriation and Appointment of Appraisers finding that the Baxters had not appeared in this case, and thus, the trial court failed to hold a default hearing. We hold that, by overruling the Baxters' objections to the State's condemnation and by denying the Baxters' motion for relief from the trial court's Order of Appropriation and Appointment of Appraisers, the trial court abused its discretion because its Order amounted to a default judgment entered against the Baxters without affording them a default hearing.

Reversed.

KIRSCH, J., and BAKER, J., concur.