# FOR PUBLICATION



**FILED**
Dec 02 2014, 10:02 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOHN DAVID CROSS**
Mercer Belanger, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**CHRISTOPHER M. KEEFER**
Sopko, Nussbaum, Inabnit & Kaczmarek
South Bend, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

THE HUNTINGTON NATIONAL BANK,   )
                             )
    Appellant,   )
                             )
        vs.   )      No. 64A04-1405-MF-227
                             )
CAR-X ASSOCIATES CORP.,   )
                             )
    Appellee.   )

---

APPEAL FROM THE PORTER SUPERIOR COURT
The Honorable William E. Alexa, Judge
Cause No. 64D02-1401-MF-398

---

**December 2, 2014**

**OPINION - FOR PUBLICATION**

**BROWN, Judge**

The Huntington National Bank ("Huntington") appeals the trial court's denial of its motion to set aside default judgment in favor of Car-X Associates Corp. ("Car-X"). Huntington raises one issue, which we restate as whether the court erred or abused its discretion in denying its motion to set aside default judgment. We reverse and remand.

FACTS AND PROCEDURAL HISTORY

On January 8, 2014, Car-X filed a complaint to foreclose a judgment lien it had obtained in 2013 against real property owned by Susanne and Terry Wood in the amount of $200,359.90 plus fees, costs, and post-judgment interest. The complaint named Huntington as a defendant because Huntington held a mortgage on the property which secured a loan to the Woods made in 2005 in the original principal amount of $310,500. The complaint and summons were served upon Huntington's registered agent for service of process by certified mail on January 27, 2014.

Paul Burnside was the Foreclosure Supervisor for Huntington. In his affidavit, Burnside stated he received service of Car-X's complaint on or about January 28, 2014, and referred the matter to counsel on February 25, 2014. Burnside further stated that the individual in his department who typically received service of process for Huntington was on a medical leave of absence when Huntington received service; that in addition to his regular duties he was assisting the individual who typically received service of process for Huntington during her leave of absence; that his regular duties included supervision of Huntington's pre-sale foreclosure staff, review of daily reports and updates, oversight of the foreclosure attorney network, and daily review of compliance with investor and

2

governmental guidelines; and that he received the summons in the case but due to the volume of his regular duties was unable to timely refer the matter to counsel.

On February 25, 2014, Car-X moved for default judgment against Huntington. On February 27, 2014, the trial court granted Car-X's motion and specifically found that "Car-X's interest in and to the real estate . . . is prior and superior to any and all interests, estates, rights, titles, claims, liens, and/or encumbrances of Huntington." Appellee's Appendix at 50. The practical result of the default judgment was to make Huntington's mortgage subordinate to the judgment lien of Car-X. On March 14, 2014, counsel for Huntington filed an appearance, an answer, and a motion to set aside the default judgment. After conducting a hearing, the trial court denied Huntington's motion on April 24, 2014. Huntington now appeals.

## DISCUSSION

The issue is whether the trial court erred or abused its discretion in denying Huntington's motion to set aside default judgment under Ind. Trial Rule 60(B). Upon appellate review of a refusal to set aside a default judgment, the trial court's ruling is entitled to deference and will be reviewed for an abuse of discretion. Allstate Ins. Co. v. Watson, 747 N.E.2d 545, 547 (Ind. 2001). The trial court's discretion should be exercised in light of the disfavor in which default judgments are generally held. Id.; see also Coslett v. Weddle Bros. Constr. Co., 798 N.E.2d 859, 861 (Ind. 2003) ("Indiana law strongly prefers disposition of cases on their merits."), reh'g denied.

Huntington contends in part that the trial court erred in finding that its delay was not the result of excusable neglect. Huntington specifically argues that the employee who typically received service of process was away on maternity leave, that Burnside covered for the woman, that Burnside does not typically receive service of process and added this job to his regular duties, and that, due to the volume of his regular duties, Burnside did not refer the matter to counsel until February 25, 2014, just six days after its deadline to respond to the complaint.

Car-X responds that the trial court did not abuse its discretion in entering default judgment and that the record demonstrates the court weighed the facts of the case. Car-X argues that Huntington is a large bank which had staffed at a minimum an employee and supervisor charged with, among other things, receiving service of process and overseeing the foreclosure attorney network. Car-X notes that the court found Huntington's neglect was not excusable under the circumstances and that there is nothing in the record demonstrating that it abused its discretion in doing so. Car-X also states that Huntington asserts for the first time in its appellant's brief that the employee was out on maternity leave[1] and that it would seem this employee would have had ample time to make all arrangements relative to her workload including receiving and handling of service of process.

Default judgments are not favored in Indiana. Shane v. Home Depot USA, Inc., 869 N.E.2d 1232, 1234 (Ind. Ct. App. 2007). Any doubt as to the propriety of a default judgment must be resolved in favor of the defaulted party. Watson, 747 N.E.2d at 547. "Moreover, no

---

[1] As noted, Burnside's affidavit states that the employee was on a medical leave of absence.

fixed rules or standards have been established because the circumstances of no two cases are alike." Kmart v. Englebright, 719 N.E.2d 1249, 1253 (Ind. Ct. App. 1999) (citing Siebert Oxidermo, Inc. v. Shields, 446 N.E.2d 332, 340 (Ind. 1983)), trans. denied. "A cautious approach to the grant of motions for default judgment is warranted in 'cases involving material issues of fact, substantial amounts of money, or weighty policy determinations.'" Id. (citing Green v. Karol, 168 Ind. App. 467, 473-474, 344 N.E.2d 106, 110-111 (1976)). In addition, the trial court must balance the need for an efficient judicial system with the judicial preference for deciding disputes on the merits. Id.

The entry of a default judgment is authorized by Ind. Trial Rule 55(A), and pursuant to Trial Rule 55(C) a judgment by default which has been entered may be set aside by the court for the grounds and in accordance with the provisions of Trial Rule 60(B). Huntington cited to Ind. Trial Rule 60(B)(1) in its motion to set aside default judgment. Ind. Trial Rule 60(B) provides in part that "[o]n motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons: (1) mistake, surprise, or excusable neglect; . . . ." Ind. Trial Rule 60(B)(1). A motion shall be filed not more than one year after the judgment was entered for purposes of Trial Rule 60(B)(1), and a movant filing a motion under Trial Rule 60(B)(1) must allege a meritorious claim or defense. "A Trial Rule 60(B)(1) motion does not attack the substantive, legal merits of a judgment, but rather addresses the procedural, equitable grounds justifying the relief from the finality of a judgment." Kmart, 719 N.E.2d at 1254 (citing Blichert v. Brososky, 436 N.E.2d 1165, 1167 (Ind. Ct. App. 1982)). We have

5

held that "relief from judgment is essentially equitable in nature and, thus, a trial court must balance the alleged injustice suffered by the party moving for relief against the interests of the winning party and society in general in finality of litigation." Id. at 1257 (citing King v. King, 610 N.E.2d 259, 262 (Ind. Ct. App. 1993), reh'g denied, trans. denied).

There is no general rule as to what constitutes excusable neglect under Trial Rule 60(B)(1). Id. at 1254 (citing In re Marriage of Ransom, 531 N.E.2d 1171, 1172 (Ind. 1988)). Each case must be determined on its particular facts. Id. (citing Boles v. Weidner, 449 N.E.2d 288, 290 (Ind. 1983)). The following facts have been held to constitute excusable neglect, mistake, or surprise:

> (a) absence of a party's attorney through no fault of party; (b) an agreement made with opposite party, or his attorney; (c) conduct of other persons causing party to be misled or deceived; (d) unavoidable delay in traveling; (e) faulty process, whereby party fails to receive actual notice; (f) fraud, whereby party is prevented from appearing and making a defense; (g) ignorance of the defendant; (h) insanity or infancy; (i) married women deceived or misled by conduct of husbands; (j) sickness of a party, or illness of member of a family.

Id. (citing Cont'l Assurance Co. v. Sickels, 145 Ind. App. 671, 675, 252 N.E.2d 439, 441 (1969)). "Although a default judgment plays an important role in the maintenance of an orderly, efficient judicial system as a weapon for enforcing compliance with the rules of procedure and for facilitating the speedy determination of litigation, in Indiana there is a marked judicial deference for deciding disputes on their merits and for giving parties their day in court, especially in cases involving material issues of fact, substantial amounts of money, or weighty policy determinations." Charnas v. Estate of Loizos, 822 N.E.2d 181, 184-185 (Ind. Ct. App. 2005).

Even though there is a technical default, the non-defaulting party is not entitled to a judgment by default as a matter of right. Green, 168 Ind. App. at 473, 344 N.E.2d at 110. This court has considered the amount of money involved, the material issues of fact accompanying the allegations, the short length of the delay, and lack of prejudice to the non-movant by the delay in concluding that a trial court did not abuse its discretion in allowing a case to be heard on the merits. See id. at 475, 344 N.E.2d at 111.

Here, Huntington's deadline to file a responsive pleading to Car-X's complaint to foreclose a judgment lien was February 19, 2014, twenty-three days after service of the complaint on January 27, 2014. See Trial Rule 6(C) (providing a responsive pleading shall be served within twenty days after service of the prior pleading); Trial Rule 6(E) (providing that three days shall be added to the prescribed period when the service of a notice of other paper is served by mail). Car-X moved for default judgment six days later on February 25, 2014, and the court entered default judgment two days after that, on February 27, 2014. Huntington's counsel filed an answer and motion to set aside default judgment fifteen days later on March 14, 2014. In addition, Huntington holds a mortgage on the property that secured a loan to the Woods in 2005 in the original principal amount of $310,500. Further, Car-X does not argue, and the evidence does not establish, that Huntington's delay prejudiced Car-X, given that the priority of the parties' security interests in the Woods' property can be resolved based on the dates of the recorded instruments evidencing the parties' respective security interests, and the availability of those instruments was not impacted by Huntington's delay.

7

Based upon the record, and in light of the short length of the delay, the security interest of Huntington and the amount at issue, the absence of evidence of prejudice to Car-X by the delay, and the severity of the sanction of default judgment, we conclude that Huntington's failure to respond to Car-X's complaint constituted excusable neglect under Trial Rule 60(B)(1). See Fulton v. Van Slyke, 447 N.E.2d 628, 637 (Ind. Ct. App. 1983) (noting that courts may consider factors including the amount of money involved, the length of time between the judgment and the request for relief, and lack of prejudice in reviewing the reinstatement of a cause of action, finding that many of the factors were present as Van Slyke had a foreign judgment for the substantial amount of $143,000, that only a sixteen-day period elapsed between the judgment and the initial attempt to set aside the judgment, and the estate had not demonstrated any way in which it would be prejudiced by reinstatement, and holding that considering the severity of the sanction the trial court did not abuse its discretion in allowing the claim to be set for a hearing on the merits), reh'g denied.

In order to obtain relief under Trial Rule 60(B)(1), Huntington must also show it alleged a meritorious claim or defense. The rule by its terms requires only an allegation of a meritorious defense. See Ind. Trial Rule 60(B) ("A movant filing a motion for reasons (1) . . . and (8) must *allege* a meritorious claim or defense.") (Emphasis added). "A meritorious defense is one demonstrating that, if the case was retried on the merits, a different result would be reached." Baxter v. State, 734 N.E.2d 642, 646 (Ind. Ct. App. 2000). To establish a meritorious defense, a party need not prove the absolute existence of an undeniable defense. Bunch v. Himm, 879 N.E.2d 632, 637 (Ind. Ct. App. 2008). Rather, a defendant

8

need only make a *prima facie* showing of a meritorious defense indicating to the trial court the judgment would change and that the defaulted party would suffer an injustice if the judgment were allowed to stand. Id.

In its motion to set aside default judgment, Huntington stated that its meritorious claim and defense is that it holds a first mortgage on the property, recorded in October 2005, that is a superior interest to the judgment lien of Car-X which was entered in July 2013. Huntington attached to its motion to set aside default judgment the instruments upon which its allegations are based, including the October 2005 promissory note and the mortgage securing the loan. The mortgage is file-stamped showing it was recorded in the Porter County Recorder's Office on October 19, 2005, as instrument number 2005-032035. Huntington has alleged that the result of the proceedings would be different if the default judgment were set aside and thus has established a meritorious claim or defense.

Finding that Huntington has established that it was entitled to relief from the default judgment by demonstrating excusable neglect and a meritorious defense, we conclude the trial court abused its discretion in denying Huntington's Trial Rule 60(B)(1) motion to set aside the default judgment.

## CONCLUSION

For the foregoing reasons, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

Reversed and remanded.

BRADFORD, J., concurs.

BARNES, J., dissents with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

THE HUNTINGTON NATIONAL BANK,   )
                                            )

      Appellant,                      )

                                            )

         vs.                        )      No. 64A04-1405-MF-227

                                            )

CAR-X ASSOCIATES CORP.,           )

                                            )

      Appellee.                      )

**BARNES, Judge, dissenting**

I understand the reasoning of my colleagues in the majority here. I respectfully do not agree with it. I do not believe that Huntington proved that excusable neglect led to its delay in responding to Car-X's complaint, as required to grant a motion for relief from judgment under Indiana Trial Rule 60(B)(1).

The record before us indicates that the person at Huntington who was designated to receive pleadings of the type filed here was unavailable to discharge her duties for some period of time because of maternity leave. Huntington evidently failed to take adequate steps to cover these duties in her absence. The time period for responding to the complaint ran and, although Huntington acted fairly promptly after the error was discovered, it still was at least twenty days after the deadline when it did so.

11

To me, this case is virtually indistinguishable from <u>Smith v. Johnston</u>, 711 N.E.2d 1259 (Ind. 1999), where our supreme court addressed a very similar fact pattern and held it did not establish excusable neglect. In that case, a doctor was timely served with notice of a medical malpractice complaint. The doctor's office manager ordinarily handled legal affairs, but he was out of the office and in the process of quitting his job when the complaint was received and signed for by a nurse. The nurse placed the complaint on the doctor's desk, but the doctor did not look at it until after default judgment was entered. The doctor moved for relief from judgment, which the trial court denied.

Our supreme court rejected the doctor's claim that his failure to read the complaint in a timely fashion constituted excusable neglect under Trial Rule 60(B)(1). I quote extensively from the court's reasoning, which is highly informative in this case:

> This is neglect, but not excusable neglect as the term appears in Rule 60(B)(1). Smith was aware that the person who normally handled legal mail was no longer doing that job. Nonetheless, Smith ignored his mail, including the summonses and motion for default. We do not agree that the failure of Smith to read his mail amounts to a breakdown in communication sufficient to qualify as excusable neglect under Trial Rule 60(B)(1). Smith's case is distinguishable from our previous decisions finding excusable neglect for a breakdown in communication. In those cases the defendants did all that they were required to do but subsequent misunderstandings as to the assignments given to agents of the defendants resulted in the failure to appear. In <u>Whittaker [v. Dail</u>, 584 N.E.2d 1084 (Ind. 1992)], the insurance adjuster believed she had employed an attorney to defend the insured but the attorney thought he was to institute a declaratory judgment against the insured. 584 N.E.2d at 1086; <u>see also</u> <u>Boles v. Weidner</u>, 449 N.E.2d 288, 290 (Ind. 1983) (breakdown in communication between the independent agent and the insurance agency). Here, Smith knew his mail was unattended and accepted the risk of adverse consequences. The judicial

12

> system simply cannot allow its processes to be stymied by simple inattention. There may be cases where a trial court will find excusable neglect based on similar omissions due to external pressures on a sympathetic defendant, but it was not an abuse of the trial court's discretion to refuse to do so here.

Smith, 711 N.E.2d at 1262. The Smith court went on to hold that the doctor was entitled to relief from judgment under Trial Rule 60(B)(3) based on misconduct of opposing counsel. Smith, 711 N.E.2d at 1264. Because of this, the court's discussion regarding Trial Rule 60(B)(1) might be regarded as dicta not essential to resolution of the case. Still, I presume that the court's extended discussion and analysis of Trial Rule 60(B)(1) accurately reflects its view of that Rule's requirements. I also observe that, in deciding whether excusable neglect existed, our supreme court did not take into consideration factors such as the amount of money involved, the existence of material issues of fact, the length of the delay, or whether the non-movant was prejudiced by the delay. Cf. Green, 168 Ind. App. at 473, 344 N.E.2d at 110.

Excusable neglect to me is just that: excusable neglect, not just neglect. It is something that can be explained by an unusual, rare, or unforeseen circumstance, for instance. One employee's maternity leave is not such a circumstance and should not be used as an excuse for delaying judicial proceedings beyond the clear deadlines set by our Trial Rules, especially where a large and sophisticated party such as Huntington is concerned. I would defer to the trial court's exercise of its discretion in this matter, and I vote to affirm its denial of Huntington's motion for relief from judgment.