# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 24 2017, 9:30 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

David J. Cutshaw
Gabriel A. Hawkins
Cohen & Malad, LLP
Indianapolis, Indiana

Barry D. Rooth
Holly S.C. Wojcik
William A. Theodoros
Theodoros & Rooth, P.C.
Merrillville, Indiana

ATTORNEYS FOR APPELLEES

Edward W. Hearn
Alan M. Kus
Johnson & Bell P.C.
Crown Point, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Josephina Aguila on behalf of Pedro Aguila, Frederick Ard, Darren Bala, Robert Besler, Cella King, and Larry Salinas as Personal Representative of the Estate of Amelia Porras, | May 24, 2017 |
| | Court of Appeals Case No. 45A03-1609-CT-2069 |
| *Appellants-Petitioners,* | Appeal from the Lake Superior Court. |
| v. | The Honorable Calvin D. Hawkins, Judge. |
| | Trial Court Cause No. 45D02-1604-CT-65 |
| Anonymous Physicians 1 & 2, Anonymous Medical P.C., Anonymous Hospital, G. Anthony Bertig, and Stephen Robertson, as Commissioner of | |

the Indiana Department of
Insurance,

*Appellees-Respondents.*

**Shepard, Senior Judge**

[1] The trial court determined Anonymous Hospital presented sufficient grounds to set aside the entry of default judgment. The appellants, who are patients or representatives of patients who were treated by the Hospital, challenge the court's decision. We conclude the court did not abuse its discretion in setting aside the default.

[2] The appellants, whom we will refer to as the Patients, were treated by Anonymous Physicians 1 and 2, Anonymous Medical P.C., and the Hospital. The Patients claim the physicians performed unnecessary surgeries and, further, that the Hospital negligently credentialed the physicians and were aware of the unnecessary surgeries but allowed them to continue.

[3] Between July 31, 2014 and October 27, 2014, the Patients filed proposed medical malpractice complaints with the Indiana Department of Insurance.[1] The Department of Insurance assembled medical malpractice review panels for

---

[1] Approximately 300 other patients filed similar complaints against Anonymous Physicians 1 and 2, Anonymous Medical P.C., and the Hospital.

the Patients' cases, and G. Anthony Bertig was selected as the chairperson of each of the six panels.

[4] Bertig set deadlines for the parties to submit evidence to the panels, and the Hospital failed to comply in all six cases. For example, in Salinas' case, on April 16, 2015, Bertig instructed the Hospital to submit its submission no later than July 31, 2015. In Aguila's case, on September 8, 2015, Bertig instructed the Hospital to file by January 15, 2016. The Hospital did not meet any of the deadlines. The physicians and the Medical P.C. failed to file submissions in four of the six cases.

[5] On April 26, 2016, the Patients filed a Petition for Preliminary Determination and Default Judgment, asking the court to enter default judgment against all defendants for failure to timely submit documents to the panels. On May 2, 2016, the court granted the default and entered judgment.

[6] The court later set aside the May 2 order to allow the physicians, the Center, and the Hospital to respond to the Patients' petition. The Hospital moved to dismiss, arguing the court lacked authority to rule on the Patients' request. The Hospital also filed its submissions with the review panels in all six cases on July 11, 2016, the day before a scheduled trial court hearing. Meanwhile, Physicians 1 and 2 also filed their submissions in all six cases. Patients and the physicians later stipulated that Physicians 1 & 2 and the Center would be dismissed from the preliminary determination. The Patients and the Hospital did not reach a similar agreement.

[7] On July 13, 2016, the court entered default against the Hospital for a second time. The Hospital filed a motion to set aside the default pursuant to Indiana Trial Rule 60(B)(1), and the Patients asked to schedule a hearing on damages. After further briefing and oral argument, the court granted the Hospital's motion, concluding it presented "a viable basis for relief under Trial Rule 60(B)." Appellants' App. Vol. II, p. 19.

[8] Indiana Trial Rule 60(B)(1) states:

> **(B) Mistake-Excusable neglect-Newly discovered evidence-Fraud, etc.** On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:
>
> (1) mistake, surprise, or excusable neglect; . . . .

A party who files a motion under Rule 60(B)(1) must demonstrate "a meritorious claim or defense." *Id.*

[9] A Rule 60(B) motion is addressed to the equitable discretion of the court, and we reverse only upon an abuse. *Brimhall v. Brewster*, 864 N.E.2d 1148 (Ind. Ct. App. 2007), *trans. denied*. An abuse of discretion occurs if the court's decision is clearly against the logic and effect of the facts and circumstances or if the court has misinterpreted the law. *Baxter v. State*, 734 N.E.2d 642 (Ind. Ct. App. 2000).

[10] The trial court's discretion is necessarily broad in this area because any determination of excusable neglect, surprise, or mistake must turn upon the unique factual background of each case. *Kmart Corp. v. Englebright*, 719 N.E.2d

1249 (Ind. Ct. App. 1999), *trans. denied*. Any doubt of the propriety of a default judgment should be resolved in favor of the defaulted party. *Coslett v. Weddle Bros. Constr. Co., Inc.*, 798 N.E.2d 859 (Ind. 2003). Reinstatement of a case is ultimately a matter of equity. *Baker & Daniels, LLP v. Coachmen Indus., Inc.*, 924 N.E.2d 130 (Ind. Ct. App. 2010), *trans. denied*.

[11] The Patients raise several claims in support of their argument that the court should not have set aside the default. They claim the Hospital is erroneously attempting to litigate the merits of the case rather than present equitable considerations. They also claim the Hospital erroneously submitted new evidence in support of its motion for relief, and the evidence was inadmissible because it could have been presented prior to default.

[12] The Patients also argue the Hospital's failure to timely file its submissions was sufficiently egregious that the entry of a default was appropriate and well within the court's discretion. They claim the Hospital's noncompliance is "more egregious than that found in every case disclosed by petitioners' research." Appellants' Br. p. 32. The Patients conclude vacating the default was an inappropriate response to such misfeasance.

[13] They further contend the Hospital has failed to show good cause for setting aside the default judgment, stating the Hospital erroneously chose to focus on its late discovery responses rather than its late evidentiary submissions, and must be held accountable for that choice. They say they warned the Hospital about the late submissions several weeks before moving for preliminary

determination. They also argue that the January 24, 2016 death of the spouse of the Hospital's primary attorney does not amount to good cause because they had agreed to extend case deadlines because of the death, but the Hospital was unreasonably late months after the fact. Finally, the Patients say that the one-year delay in each of their cases was severely prejudicial.

[14] In response, the Hospital states this case would be the first to hold that a court abused its discretion by vacating a grant of default judgment. This is not quite accurate. A panel of this Court reversed a court's vacatur of a dismissal for failure to prosecute, determining the court abused its discretion. *Munster Cmty. Hosp. v. Bernacke*, 874 N.E.2d 611 (Ind. Ct. App. 2007).

[15] The Hospital states the evidence shows excusable neglect because Bertig's deadlines were flexible and the death of the spouse of the Hospital's primary attorney on these cases prevented the Hospital from completing the submissions. The Hospital also claims Patients' counsel gave it the impression that Patients wanted the Hospital to prioritize responding to discovery requests in all the malpractice cases instead of filing evidentiary submissions with the review panels. The Hospital reasons that, at best, the choice to prioritize discovery responses over panel submissions based on discussions with the Patients was a mistake that does not warrant the sanction of default. The Hospital further claims its submissions were delayed in part because the Patients were slow to respond to the Hospital's discovery requests.

[16] In addition, the Hospital argues the Patients never took steps in the context of the review panel process to resolve the issue of the Hospital's overdue submissions, such as asking the review panels to decide the cases without the Hospital's submissions. To the contrary, the Hospital notes that after the spouse of Hospital's attorney died, Patients agreed to work with the Hospital on pending issues such as discovery and the submissions. Instead, the Hospital argues, they surprised the Hospital by moving for preliminary determination.[2]

[17] The Hospital disputes the Patients' claim that it is inappropriate to cite evidence in support of a motion for relief from judgment if the evidence could have been submitted prior to the entry of default judgment. In any event, the Hospital also argues that most of the evidence it submitted with its motion for relief from judgment had already been submitted to the court in other parties' documents. Finally, the Hospital disagrees with the Patients that it was barred from discussing the merits of the litigation in its motion for relief from judgment.

[18] In reply, the Patients argue the Hospital failed to demonstrate it was worthy of the equitable remedy provided by Rule 60(B)(1) because it inappropriately argued substantive law instead of equitable considerations. They say the Hospital could not have reasonably understood there was indefinite flexibility in the panels' deadlines because the Hospital requested extensions of the

---

[2] The Hospital also argues it had meritorious defenses to the Patients' claims, a requisite showing to support relief from judgment. *Whelchel v. Cmty. Hosps. of Ind., Inc.*, 629 N.E.2d 900 (Ind. Ct. App. 1994), *trans. denied*. At the hearing on the Hospital's motion for relief from judgment, the Patients declined to contest that issue, stating, "It's correct we're not challenging that they had a meritorious defense." Tr. Vol. 2, p. 65.

deadlines in June 2016, which was after the Patients filed their petition for preliminary determination. In addition, the Patients reiterate they told the Hospital its submissions were late several weeks before they filed the petition.

[19] Regarding discovery, the Patients note that the Hospital filed the submissions the day before a court hearing even though discovery was not complete. They conclude from these circumstances that the Patients' delayed discovery responses could not have been a significant impediment to the Hospital's filing of evidentiary submissions with the review panels.

[20] On the question of prejudice, Patients claim that the Hospital's filing of its submissions with the review panels one day before a court hearing was inadequate to cure the delay. They say the Hospital should not be allowed to attack the underlying sanctions determination and is barred from presenting evidence in support of its motion for relief from judgment if the evidence could have been raised prior to default.

[21] We must consider the parties' arguments in accordance with our standard of review by determining whether the court's decision to set aside the default was clearly against the logic and effect of the facts and circumstances before the court. Our answer is no. We cannot agree with the Patients that the Hospital was barred from presenting evidence that could have been presented prior to default. Per the plain language of Trial Rule 60(B), only motions filed under 60(B)(2) are subject to such a limitation.

[22]  In addition, we cannot agree that the Hospital should not have discussed the merits of the parties' claims while seeking relief from default. It is true that a Trial Rule 60(B)(1) motion does not attack the substantive, legal merits of the judgment but rather addresses the procedural, equitable grounds justifying the relief from the finality of a judgment. *Kmart Corp.*, 719 N.E.2d 1249. Some discussion of the merits is unavoidable because a movant must demonstrate a meritorious claim or defense in relation to the parties' allegations. Ind. Tr. Rule 60(B). In this case, the Hospital also presented to the court equitable arguments in favor of setting aside the default.

[23]  Ultimately, the trial court's decision was well within its discretion. The court balanced the prejudice to the Patients against the Hospital's right to present a defense. *See* Tr. Vol. 2, pp. 79-80. The Hospital, which was defending against 300 malpractice cases, demonstrated that the death of its attorney's spouse delayed its responses. The Patients expressed a willingness to work with the Hospital due to this tragedy. When the Hospital's new attorney contacted the Patients' attorney in April 2016, he asked the Patients to state their priorities for the various cases. The Patients' attorney mentioned that the evidentiary submissions were overdue but stated that receiving discovery responses from the Hospital was the highest priority.

[24]  Although the Patients were not required to seek lesser sanctions before requesting default, it is relevant to the facts and circumstances that the Patients did not first seek lesser sanctions, such as asking the panel chairperson to consider the cases without the late submissions. *Cf. Ross v. Bachkurinskiy*, 770

N.E.2d 389 (Ind. Ct. App. 2002) (no abuse in denying motion for relief from default; court warned plaintiff that failure to comply with discovery deadlines could result in default).

[25] Finally, it is curious that both the Anonymous Physicians and the Hospital were tardy in filing submissions, but when the physicians and the Hospital filed their submissions after the court proceedings began, the Patients were willing to dismiss only the Anonymous Physicians from the trial court proceedings. Considering these facts and circumstances, we find no abuse of discretion.

[26] Affirmed.

Vaidik, C.J., and Mathias, J., concur.