

I N   T H E

# Court of Appeals of Indiana

Michael Turi,

*Appellant-Defendant*

v.

J.R., a Minor b/n/f Stacy Rheinlander,

*Appellee-Plaintiff*



FILED

Jun 11 2026, 9:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

---

June 11, 2026

Court of Appeals Case No.
25A-PL-2858

Appeal from the Vanderburgh Superior Court

The Honorable Jillian Kratochvil, Judge

Trial Court Cause No.
82D06-2407-CT-4101

---

**Opinion by Judge May**
Judges Mathias and Felix concur.

**May, Judge.**

Michael Turi appeals the trial court's denial of his motion for relief from judgment and argues the trial court abused its discretion when it denied his motion. J.R., a male minor, by next friend Stacy Rheinlander ("J.R. by Rheinlander") asserts on cross-appeal that J.R. by Rheinlander is entitled to damages pursuant to Indiana Appellate Rule 66(E). We affirm the trial court's denial of Turi's motion for relief from judgment and decline to award J.R. by Rheinlander damages pursuant to Indiana Appellate Rule 66(E).

## Facts and Procedural History

On July 16, 2024, J.R. by Rheinlander filed a complaint against Turi. The complaint alleged J.R. "suffered substantial and significant injuries" because he was exposed to "unsafe and unhealthy levels of lead" while living at a rental property owned by Turi. (App. Vol. II at 7.) The complaint alleged Turi's negligence in operating, inspecting, and maintaining the rental property proximately caused J.R.'s injuries. In addition, the complaint alleged Turi was negligent in failing to warn J.R. about the dangerous lead levels at the rental property. J.R. by Rheinlander sent the complaint and summons to Turi by certified mail to 1025 West Heerdink Avenue in Evansville, Indiana. The post office later sent an electronic return receipt notifying J.R. by Rheinlander that the complaint and summons were successfully delivered. The return receipt indicated that the certified mail was delivered when it was picked up at the post office and included a copy of the recipient's electronic signature:

**Item Details**

| | |
|---|---|
| Status: | Delivered, Individual Picked Up at Post Office |
| Status Date / Time: | July 30, 2024, 1:14 pm |
| Location: | EVANSVILLE, IN 47710 |
| Postal Product: | First-Class Mail® |
| Extra Services: | Certified Mail™ |
| | Return Receipt Electronic |
| Recipient Name: | MICHAEL TURI |

**Recipient Signature**

Signature of Recipient: *[signature]*

Address of Recipient: *[handwritten]*

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

(*Id*. at 13.) It also included tracking information for the mail:

```
USPS MAIL PIECE TRACKING NUMBER:  420477109214890194038370136479
MAILING DATE:      07/18/2024
DELIVERED DATE:   07/30/2024
CUSTOM1:

MAIL PIECE DELIVERY INFORMATION:

  MICHAEL TURI
  1025 W HEERDINK AVE
  EVANSVILLE IN 47710-3935


MAIL PIECE TRACKING EVENTS:
  07/18/2024 08:51   PRE-SHIPMENT INFO SENT  USPS AWAITS ITEM      BLOOMINGTON,IN 47404
  07/20/2024 23:07   ORIGIN ACCEPTANCE                             BLOOMINGTON IN DISTRIBUTION CEN 47404
  07/21/2024 00:22   PROCESSED THROUGH USPS FACILITY               INDIANAPOLIS IN DISTRIBUTION CE 46206
  07/23/2024 14:35   PROCESSED THROUGH USPS FACILITY               EVANSVILLE IN DISTRIBUTION CENT 47708
  07/24/2024 03:19   PROCESSED THROUGH USPS FACILITY               EVANSVILLE IN DISTRIBUTION CENT 47708
  07/24/2024 17:10   NO AUTHORIZED RECIPIENT AVAILABLE             EVANSVILLE,IN 47710
  07/29/2024 03:14   REMINDER TO SCHEDULE REDELIVERY               EVANSVILLE,IN 47710
  07/30/2024 13:14   DELIVERED INDIVIDUAL PICKED UP AT PO          EVANSVILLE,IN 47710
```

(*Id*. at 14.)

Turi failed to answer the complaint, and the trial court entered a default judgment against him. The trial court then held a damages hearing on February 26, 2025, and Turi failed to appear at the damages hearing.

Following the hearing, the trial court entered a judgment against Turi for $500,000.

[4] On September 18, 2025, Turi filed a motion for relief from judgment pursuant to Trial Rule 60(B)(1). Turi asserted he did not receive actual notice of the lawsuit, and he asked the trial court to set aside the default judgment because of excusable neglect. Turi alleged as a meritorious defense that "[t]here was no exposed lead paint in the housing unit" and J.R. "was already showing signs of lead paint poisoning" when he moved into the housing unit. (*Id.* at 22-23.) J.R. by Rheinlander responded that he successfully served Turi via certified mail and "[t]hat to obtain said certified mail, a valid photo ID had to be produced, and a signature was required[.]" (*Id.* at 25.)

[5] At the hearing on his motion for relief from judgment, Turi testified that he resided at "1025 Heerdink, Evansville, Indiana." (Tr. Vol. 2 at 10.) Turi also testified regarding the return of service:

> Q. Here is the return of service on the complaint. Is that your signature?
>
> A. Looks like mine, but it – I – I don't ever write my name like that. I don't know what this is.
>
> Q. So, it's not yours.
>
> A. No.
>
> Q. Or is it yours?

A.  I can't – I never sign my name like that.

* * * * *

Q.  Okay.  Are you claiming this is not your signature on July 30, 2024, at 1:14 p.m.?

A.  I don't know.  Was I in jail?

Q.  I don't know sir.

A.  Well, I think that's where it came.

Q.  Well, actually this was picked up at the post office.

A.  If it was picked up at the post office then somebody else could have picked it up because it sure doesn't look like my handwriting.  I couldn't write that small from my Parkinson's disease.

Q.  Well, it's usually – the handwriting is usually on an electronic pad.  Signatures don't exactly match, but you see above it says individual recipient name.  Do you see that?

A.  Yeah, it says Michael W. Turi.

(*Id*. at 12 & 16-17.)  J.R. by Rheinlander argued that Turi's motion for relief from judgment should be denied because Turi testified that his address matched the service address and because Turi's assertion that someone else could simply pick up Turi's certified mail from the post office was not credible.

On October 13, 2025, the trial court issued an order denying Turi's motion for relief from judgment. The trial court found:

> 1. Plaintiff mailed the Summons and Complaint to Turi on July 18, 2024 by certified mail.
>
> 2. As evidenced on Exhibit A, on July 30, 2024, Turi signed for the Summons and Complaint in person at the United States Post Office.
>
> 3. Turi failed to demonstrate any mistake, surprise or excusable neglect.

(App. Vol. II at 34.)

## Discussion and Decision

### 1. Motion for Relief from Judgment

Turi challenges denial of his motion for relief from judgment. Trial Rule 60(B) requires the trial court to "balance the need for an efficient judicial system with the judicial preference for deciding disputes on the merits." *Munster Cmty. Hosp. v. Bernacke*, 874 N.E.2d 611, 613 (Ind. Ct. App. 2007). We review a trial court's ruling on a motion for relief from judgment pursuant to Trial Rule 60(B) for an abuse of discretion. *Wilkerson v. Egan*, 253 N.E.3d 1149, 1151 (Ind. Ct. App. 2025). "An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court or is contrary to law." *Id*.

[8] The trial court's entry of findings of fact also impacts our review. *Fields v. Safway Grp. Holdings, LLC*, 118 N.E.3d 804, 809 (Ind. Ct. App. 2019), *trans. denied*. We apply a two-tiered standard when reviewing a trial court's findings and judgment. *Id.* We first "determine whether the evidence supports the trial court's findings, and [then] whether the findings support the judgment." *Id.* We review the trial court's findings and judgment for clear error. *Id.* "Findings of fact are clearly erroneous when the record lacks any reasonable inference from the evidence to support them. A judgment is clearly erroneous when a review of the record leaves us with a firm conviction that a mistake has been made." *Id.* (internal citation omitted). "We do not reweigh the evidence but consider only the evidence favorable to the trial court's judgment." *Miller v. Lucas*, 264 N.E.3d 651, 655 (Ind. Ct. App. 2025). Because the trial court entered its findings of fact sua sponte, "[t]he trial court's findings control only as to the issues they cover and a general judgment will control as to the issues upon which there are no findings." *Id.*

[9] Indiana Trial Rule 60(B)(1) provides:

> On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:
>
> (1) mistake, surprise, or excusable neglect[.]

"There are no fixed rules for determining what facts and circumstances constitute excusable neglect; rather, that determination is left to the discretion

of the trial court." *First Nat. Bank & Trust Co. of Crawfordsville v. Coling*, 419 N.E.2d 1326, 1330 (Ind. Ct. App. 1981). "The trial court's discretion is necessarily broad in this area because any determination of excusable neglect, surprise, or mistake must turn upon the unique factual background of each case." *Biodynamic Extraction, LLC v. Kickapoo Creek Botanicals, LLC*, 187 N.E.3d 295, 299 (Ind. Ct. App. 2022). "'Excusable neglect . . . is just that: *excusable* neglect, not just neglect. It is something that can be explained by unusual, rare, or unforeseen circumstance[.]'" *Huntington Nat. Bank v. Car-X Assocs. Corp.*, 39 N.E.3d 652, 656 (Ind. 2015) (quoting, with approval, *Huntington Nat. Bank v. Car-X Assocs. Corp.*, 22 N.E.3d 687, 694 (Ind. Ct. App. 2014) (Barnes, J., dissenting), *vacated*, 29 N.E.3d 123 (2015)) (emphasis in Barnes, J., dissenting).

[10] Turi contends the trial court abused its discretion in denying his motion for relief from judgment. He emphasizes his testimony that he did not receive notice of the lawsuit until after the judgment was entered, and he also asserts that his failure to respond to the complaint should be attributed to "excusable neglect" because of "his lack of sophistication, his age, his Parkinson's disease, his failing memory, and his recent head traumas." (Appellant's Br. at 14.) However, these arguments are simply requests for us to reweigh the evidence and judge the credibility of the witnesses, which we cannot do. *See Gabriel v. Windsor, Inc.*, 843 N.E.2d 29, 45 (Ind. Ct. App. 2006) ("Many of Gabriel's challenges to the findings of fact are simply requests that we reweigh the evidence, which we cannot do.").

Turi's testimony largely focused on his alleged lack of notice, but Turi testified that he lived at "1025 Heerdink, Evansville, Indiana." (Tr. Vol. 2 at 10.) That is the address to which the certified copy of the complaint and summons were sent. The return receipt from the post office listed Michael Turi as the recipient of the certified mail containing the complaint and summons. The receipt included a copy of a signature and indicated the mail was delivered on July 30, 2024, at 1:14 p.m., when the recipient picked it up at the post office. 1025 Heerdink Avenue is also the address where J.R. by Rheinlander served Turi with his motion for default judgment, and it is the distribution address listed for Turi on the trial court's orders. Nonetheless, Turi did not appear until nearly seven months after the default judgment was entered. Moreover, while Turi made passing references to his age and health problems during his testimony, he did not explain how those problems prevented him from responding to the complaint. Therefore, the trial court's conclusion that Turi received adequate service of the complaint and his failure to respond was not the result of excusable neglect was not clearly erroneous. Accordingly, the trial court did not abuse its discretion when it denied Turi's motion for relief from judgment.[1] *See, e.g.*, *Biodynamic Extraction, LLC*, 187 N.E.3d at 300-01 (holding trial court

---

[1] Turi also faults the trial court for failing to conduct an analysis under Trial Rule 60(B)(8) which provides that a trial court may grant relief from judgment for "any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4)." However, Turi did not assert that he was entitled to relief under Trial Rule 60(B)(8) in his motion for relief from judgment. Therefore, the trial court did not err by not addressing that subsection in its order, and Turi may not make an argument based on that subsection for the first time on appeal. *See, e.g.*, *Showalter v. Town of Thorntown*, 902 N.E.2d 338, 342-43 (Ind. Ct. App. 2009) (holding property owner's claim on appeal was waived when the owner did not assert it before the trial court), *trans. denied*.

did not abuse its discretion in denying motion for relief from judgment because company's evidentiary designations were insufficient to demonstrate it was not at fault for an alleged breakdown in communication between it and its registered agent).

## 2. Indiana Appellate Rule 66(E)

[12] On cross-appeal, J.R. by Rheinlander asks us to award damages pursuant to Indiana Appellate Rule 66(E) and remand the case to the trial court for a calculation of such damages. Appellate Rule 66(E) states: "The Court may assess damages if an appeal, petition, or motion, or response, is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees. The Court shall remand the case for execution." "Our discretion to award attorney fees under Indiana Appellate Rule 66(E) is limited, however, to instances when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." *Thacker v. Wentzel*, 797 N.E.2d 342, 346 (Ind. Ct. App. 2003). We exercise "extreme restraint" in awarding damages pursuant to Appellate Rule 66(E) "because of [its] potential chilling effect upon the exercise of the right to appeal." *Id*. "A strong showing is required to justify an award of appellate damages, and the sanction is not imposed to punish mere lack of merit, but something more egregious." *In re Est. of Carnes*, 866 N.E.2d 260, 267 (Ind. Ct. App. 2007).

"Claims for appellate attorney fees may be based on substantive and/or procedural bad faith." *Matter of Guardianship of A.E.R.*, 184 N.E.3d 629, 641 (Ind. Ct. App. 2022).

> To prevail on a substantive bad faith claim, a party must show that the appellant's contentions and arguments are utterly devoid of all plausibility. Procedural bad faith occurs when a party flagrantly disregards the form and content requirements of the rules of appellate procedure, omits and misstates relevant facts appearing in the record, and files briefs written in a manner calculated to require the maximum expenditure of time both by the opposing party and the reviewing court.

*Staff Source, LLC v. Wallace*, 143 N.E.3d 996, 1012 (Ind. Ct. App. 2020) (internal citations omitted).

J.R. by Rheinlander accuses Turi of both substantive and procedural bad faith. J.R. by Rheinlander asserts Turi engaged in substantive bad faith because his "entire argument is based on the incorrect premise that the trial court was required to accept his testimony as true." (Appellee's Br. at 24.) However, while J.R. by Rheinlander accurately points out the lack of merit in Turi's argument, we do not think it rises to the level of egregiousness meriting an award of appellate attorney fees for substantive bad faith pursuant to Appellate Rule 66(E). *See, e.g.*, *Giger v. Hogue*, 272 N.E.3d 194, 204 (Ind. Ct. App. 2025) (holding servient estate owner was not entitled to attorney fees as a result of substantive bad faith because "we are not convinced that the [dominant estate owners] intentionally misrepresented law or fact and find it more likely that

they presented arguments to us that are based on a good faith, albeit incorrect, reading of the law"), *trans. denied*.

[15] The procedural bad faith claim is a much closer call. J.R. by Rheinlander notes Turi's counsel has significant appellate experience, but Turi's counsel failed to comply with the Appellate Rules in several respects. This includes repeating violations after being chastised regarding those same violations in previous decisions by this Court. For example, Appellate Rule 50(C) states that "[t]he table of contents shall specifically identify each item contained in the Appendix, including the item's date." However, the table of contents in Turi's Appendix Volume 1 does not include the filing dates for the items in the Appendix. This same rule violation was noted in a prior decision where Turi's counsel was the attorney representing the appellant. *See Barnett v. State*, No. 82A01-0812-CR-558, 2009 WL 2014115 at *2 (Ind. Ct. App. July 13, 2009) (mem.) ("There are also several problems with the appendix filed by Barnett's counsel. First, the table of contents does not include the date for each item included in the appendix, as required by Appellate Rule 50(C)."), *trans. denied*. [2]

[16] Likewise, Appellate Rule 46(C) provides that an appellant brief's statement of facts "shall describe the facts relevant to the issues presented for review" and "shall be in narrative form and shall not be a witness by witness summary of the

---

[2] While this case was unpublished, nonprecedential, and cannot be cited for its persuasive value pursuant to Rule 65(D)(2) because it was issued prior to January 1, 2023, we do not cite the case and other unpublished decisions to establish precedent but to demonstrate the failure of Turi's counsel to heed prior directives from this Court.

testimony." Here, Turi's counsel did not present the statement of facts in narrative form. Rather, the statement of facts section of his brief simply consisted of a block quote of Turi's testimony from the transcript. We have previously explained to Turi's counsel that block-quoted testimony does not meet the requirements of our appellate rules. *See In re Paternity of D.J.*, No. 24A-JP-1116, 2025 WL 762552 at *2 (Ind. Ct. App. March 11, 2025) (mem.) (explaining twenty-five-page statement of facts submitted by Turi's counsel that included "the three-page guardian ad litem report as well as more than fifteen pages of block-quoted witness testimony from two different hearings" failed to comply with Rule 46(C)).

[17] In addition, Rule 46(A)(7) provides that the summary of the argument portion of a party's brief "should contain a succinct, clear, and accurate statement of the arguments made in the body of the brief." The summary of the argument section of Turi's brief simply restates the issue. It does not succinctly summarize his argument. This same flaw was pointed out to Turi's counsel in a prior decision. *See Runau v. State*, No. 19A-CR-1845, 2020 WL 356499 at *1 n.5 (Ind. Ct. App. Jan. 22, 2020) (mem.) ("Runau's brief does not contain a Summary of Argument required by Appellate Rule 46(A)(7) - it instead largely repeats the Statement of Issues. . . . We remind counsel that the appellant's brief must contain the sections set forth in Rule 46(A), in the order set forth in that rule.") (internal citation omitted).

[18] A litigant's failure to follow the Appellate Rules constitutes a disservice upon all other litigants before us because it results in the unnecessary expenditure of

limited judicial resources to decide that litigant's case and hinders judicial efficiency. *See Thacker*, 797 N.E.2d at 34 ("The purpose of our appellate rules . . . is to aid and expedite review and to relieve the appellate court of the burden of searching the record and briefing the case."). Moreover, Turi's counsel's failure to heed previous warnings to abide by the Appellate Rules demonstrates obstinance and lack of respect for our authority. Thus, we *strongly caution* Turi's counsel not to repeat these same violations of the Appellate Rules and to take extra care in future appeals to not violate the Appellate Rules.

[19] Nonetheless, Turi's brief and appendices generally follow the Rules' form and content requirements, and his brief is largely comprehensible despite the violations. Therefore, we hold the violations do not merit an award of appellate attorney fees. *Cf. Wenner v. Hensley*, 224 N.E.3d 339, 344-45 (Ind. Ct. App. 2023) (holding award of appellate attorney fees was warranted when appellant "wholly disregarded the form and content requirements of our appellate rules," relied on facts that lacked support in the record or were irrelevant, and "his briefs required an inordinate amount of time to decipher").

## Conclusion

[20] The trial court's finding that Turi was adequately served was supported by the facts and circumstances in the record, and therefore, the trial court did not abuse its discretion when it denied Turi's motion for relief from judgment. In addition, despite Turi's counsel's failure to heed our prior warnings regarding

violations of the Appellate Rules, we decline to award J.R. by Rheinlander appellate attorney fees.  Accordingly, we affirm the trial court.

[21] Affirmed.

Mathias, J., and Felix, J., concur.

ATTORNEY FOR APPELLANT

John Andrew Goodridge
Evansville, Indiana

ATTORNEYS FOR APPELLEE

David W. Stone IV
STONE Law Office & Legal Research
Anderson, Indiana

Troy K. Rivera
NUNN Law Office
Bloomington, Indiana