ALLSTATE INSURANCE COMPANY, Defendant–Appellant,

and

Marla Ramsey, Non–Appealing Defendant,

v.

Kenneth R. WATSON and Virginia Watson, Plaintiffs–Appellees.

No. 24S01–0009–CV–00535.

Supreme Court of Indiana.

May 22, 2001.

Jeff Mitchell, Yarling & Robinson, Indianapolis, IN, Attorney for Appellant.

Melvin F. Wilhelm, Brookville, Indiana, Attorney for Appellee.

On Petition To Transfer

DICKSON, Justice.

This is an appeal from the trial court's denial of a motion for relief from default judgment. The Court of Appeals affirmed the trial court's order in an unpublished memorandum decision. We grant transfer, reverse the trial court's decision, and hold that a default judgment must be set aside under Indiana Trial Rule 60(B)(3) where, during negotiations, the plaintiff's attorney disregarded a prior assurance to the defendant and obtained a default judgment.

On December 20, 1995, the plaintiffs-appellees, Kenneth and Virginia Watson, filed a complaint that, in addition to other claims, sought judgment against defendant-appellant Allstate Insurance Company for underinsured motorists coverage applicable to the plaintiffs' injuries and losses from an automobile collision on December 25, 1993. Less than three months later, a letter from the Watsons' attorney to the Allstate claims supervisor stated, in part: "while negotiations are still proceeding, I will in no way attempt a default judgment. Should negotiations break down, I will give you adequate time to have your counsel respond to the complaint." Record at 25. Negotiations continued for several years. In a letter to Allstate dated February 4, 1999, Watsons' lawyer stated, in relevant part:

> I am sorry that we cannot reach an amicable resolution to this matter as of this date.
>
> . . . .
>
> You indicated to me that . . . you were not inclined to make a substantial increase in your current offer. With that in mind, it appears that we have reached an impasse and I would ask that you file an answer to our Complaint so that we can proceed to have this matter resolved through the Courts.
>
> . . . .

... [W]e are willing to settle and do hereby offer to settle this case for the sum of $100,000.00 ....

....

... I will make an attempt to obtain the earliest possible trial date to get this matter resolved. I understand that your counsel will need some [sic] for discovery and other matters, such as having Mr. Watson examined by a doctor of your choice.... I must set a time limit on this Offer of Settlement. This offer will remain open until March 31, 1999, at which time it will be withdrawn.

Record at 26–28. The Watsons filed their motion for default judgment on March 18, 1999, and it was granted the next day. When counsel for Allstate entered his appearance on March 26, he discovered the default judgment. On May 14 he filed Allstate's answer, request for jury trial, and motion for relief from default judgment pursuant to Ind.Trial Rule 60(B)(1), (3), and (8). The trial court denied the motion.

 Upon appellate review of a refusal to set aside a default judgment, the trial court's ruling is entitled to deference and will be reviewed for abuse of discretion. *Smith v. Johnston,* 711 N.E.2d 1259, 1262 (Ind.1999). The trial court should use its discretion to do what is "just" in light of the unique facts of each case. *In re Marriage of Ransom,* 531 N.E.2d 1171, 1172 (Ind.1988). However, such discretion should be exercised in light of the disfavor in which default judgments are held. *Id.* "[A] default judgment is not generally favored, and any doubt of its propriety must be resolved in favor of the defaulted party." *Green v. Karol,* 168 Ind.App. 467, 475, 344 N.E.2d 106, 111 (Ind.Ct.App. 1976). It is "an extreme remedy and is available only where that party fails to defend or prosecute a suit. It is not a trap to be set by counsel to catch unsuspecting litigants." *Smith,* 711 N.E.2d at 1264; *see also State v. Van Keppel,* 583 N.E.2d 161, 162 (Ind.Ct.App.1991)(stating Indiana law strongly prefers disposition of cases on their merits); *Indiana Travelers' Accident Assoc. v. Doherty,* 70 Ind.App. 214, 217–18, 123 N.E. 242, 243 (Ind.Ct.App.1919)(stating statute which allows court to set aside default is remedial in character and "must be liberally construed and applied").

Indiana Trial Rule 60(B) provides, in part:

On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:

(1) mistake, surprise, or excusable neglect;

....

(3) fraud (whether heretofore denominated intrinsic or extrinsic), *misrepresentation, or other misconduct of an adverse party.*

....

(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

T.R. 60(B) (emphasis added). We find sub-paragraph (3) to be determinative.

 Allstate argues that the letters from the Watsons' lawyer mislead it into believing that it need not answer the complaint until March 31, 1999. Emphasizing *Smith v. Johnston* and *Fire Ins. Exch. v. Bell,* 643 N.E.2d 310 (Ind.1994), Allstate urges that, considering the representations in the letters from the Watsons' lawyer, the default judgment was prejudicial to the administration of justice and constitutes misconduct warranting relief under Trial Rule 60(B)(3).

The Watsons contend that the letter was not intended to mislead or defraud. However, the Watsons' main response is directed to Allstate's alternative argument of excusable neglect under Rule 60(B)(1). The Watsons argue that the trial court did not abuse its discretion and that, if Allstate was confused in any way, it should have inquired of the Watsons' counsel regarding the deadline for filing the complaint.

In *Smith*, this Court set aside a default judgment where the plaintiff's attorney obtained it without notifying counsel known to be representing the adverse party. 711 N.E.2d at 1264–65. Acknowledging that the conduct of the plaintiff's attorney was in technical compliance with the Trial Rules, we found it unacceptable under the Rules of Professional Conduct. We emphasized "the overriding considerations of confidence in our judicial system and the interest of resolving disputes on their merits," *id.* at 1262, and declared:

> [L]awyers' duties are found not only in the specific rules of conduct and rules of procedure, but also in courtesy, common sense and the constraints of our judicial system. As an officer of the Court, every lawyer must avoid compromising the integrity of his or her own reputation and that of the legal process itself.

*Id.* at 1264. We noted that Rule 8.4(d) of the Indiana Rules of Professional Conduct "explicitly states that it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice," and concluded that the default judgment was obtained by such actions. *Id.*

In *Bell*, this Court explored the obligation of an attorney for truthfulness in the context of an alleged misrepresentation of insurance limits to opposing counsel, and we stated:

> The reliability and trustworthiness of attorney representations constitute an important component of the efficient administration of justice. A lawyer's representations have long been accorded a particular expectation of honesty and trustworthiness.

643 N.E.2d at 312. We similarly declared, "The law should promote lawyers' care in making statements that are accurate and trustworthy and should foster the reliance upon such statements by others." *Id.* at 313.

These principles directly apply to the present case. After filing the complaint, the Watsons' attorney explicitly assured Allstate that he would not seek a default judgment while negotiations were pending and, should they break down, he would give adequate time for Allstate's counsel to respond. In a later letter, the Watsons' attorney presented a further settlement demand, declaring that it would remain open until March 31, 1999. Contrary to his representations, however, the attorney took a default judgment on March 19, 1999. Notwithstanding our deference to the sound discretion of the trial court in these matters, the circumstances presented here compel us to conclude that the trial court should have granted Allstate's motion for relief from the default judgment. We find that Allstate has clearly established grounds which justify setting aside the default judgment pursuant to Trial Rule 60(B)(3).

In addition to establishing one of the grounds for relief under Ind.Trial Rule 60(B), a party seeking to set aside a default judgment has to make a *prima facie* showing of a meritorious defense. *Smith*, 711 N.E.2d at 1265. Accompanying Allstate's motion for relief from judgment was the affidavit of an experienced insurance adjuster asserting that there were "genuine issues of liability in that the primary tortfeasor slid on ice into the path of the plaintiff and there is the defense of

sudden emergency as a defense to the charges of negligence."[1] Record at 24. The Watsons do not dispute this claim.

We reverse the trial court's denial of Allstate's motion for relief from default judgment. This cause is remanded to vacate the default judgment and for further proceedings.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.

1. An affidavit that provides only slight evidentiary support for a claim of a meritorious defense has been held sufficient to establish a prima facie showing. *See McDermitt v. Logan,* 698 N.E.2d 331, 335 (Ind.Ct.App.1998).