# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**WILLIAM J. COHEN**
Cohen Law Offices
Elkhart, Indiana

ATTORNEYS FOR APPELLEES:

**PHILLIP A. NORMAN**
**JENNIFER L. SNOOK**
Valparaiso, Indiana



**FILED**

Aug 14 2014, 9:34 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL H. KRETSCHMER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A05-1312-MF-600 |
| | ) | |
| BANK OF AMERICA, N.A. | ) | |
| | ) | |
| Appellees-Plaintiffs. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Evan S. Roberts, Judge
Cause No. 20D01-1202-MF-151

**August 14, 2014**

**OPINION - FOR PUBLICATION**

**BROWN, Judge**

Michael H. Kretschmer appeals the trial court's denial of his Motion to Set Aside a Default Judgment in favor of Bank of America, N.A. ("BANA"). Kretschmer raises one issue which we revise and restate as whether the trial court abused its discretion in denying his motion. We reverse and remand.

FACTS AND PROCEDURAL HISTORY

On March 1, 2012, BANA filed a Complaint on Note and for Foreclosure of Mortgage initiating foreclosure proceedings in the Elkhart Superior Court. In its Complaint, BANA alleged that on December 18, 2006, Kretschmer executed a promissory note ("Note") in favor of Elkhart Community Bank in the amount of $82,000. BANA alleged that, contemporaneously with the execution of the Note and to secure payment of the Note, Kretschmer executed a Mortgage ("Mortgage") on certain real estate located in Elkhart, Indiana ("Real Estate"), granting Elkhart Community Bank a security interest in the Real Estate. BANA alleged that Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Elkhart Community Bank, assigned the Mortgage to BANA in October 2011. BANA attached the Note, the Mortgage, and the assignment of the Mortgage to its Complaint. BANA alleged that Kretschmer was in default for failure to make payments under the terms of the Note and Mortgage and that it had declared the whole indebtedness due and payable and given notice of the acceleration to Kretschmer.

On June 6, 2012, BANA filed an Application and Affidavit for Default Judgment as well as a request for attorney fees. In its Application, BANA alleged that the time for filing an answer to its Complaint had elapsed and it was entitled to entry of default

2

judgment in its favor. On June 7, 2012, the trial court entered default judgment in favor of BANA and against Kretschmer.

On June 26, 2012, Kretschmer filed a Motion to Set Aside Default Judgment and his sworn affidavit in support of the motion. Kretschmer alleged in his affidavit that BANA had agreed to a short sale of the Real Estate. Specifically, he stated that he had contacted counsel for BANA when he received notice of the Complaint to inquire about the foreclosure, that he had "informed someone at [BANA's] counsel's office that [his] house was in a short sale," and that he "was told not to worry about anything and to continue with the short sale." Appellant's Appendix at 55. Kretschmer stated that, as a result of the information he received, he continued with the short sale and did not appear in the case or hire an attorney. He also stated that, "[s]ubsequent to this case being filed, [he] also received another notice from [BANA] about an offer to refinance [his] mortgage." Id. at 56. Further, he said that BANA knew his address and how to contact him but failed to provide him with reasonable notice of the default judgment.

On July 23, 2012, BANA filed an objection to Kretschmer's Motion to Set Aside Default Judgment arguing, in part, that "[a]ny offer to settle based on a possible short sale does not constitute a meritorious defense to the underlying default" and that "[r]efinance is certainly an option, but the fact remains that the loan has not been refinanced and a potential, future refinance does not constitute a meritorious defense to Kretschmer's current default." Id. at 61.

On August 2, 2012, the court held a hearing at which Kretschmer's counsel informed the court that Kretschmer never received notice of the request for default

judgment and received notice only after default judgment had been entered. Kretschmer's counsel asserted that BANA's only argument in its objection was that a short sale or refinancing is not a defense and that Kretschmer disagreed with BANA's position because a short sale is a defense to a deficiency judgment. Kretschmer's counsel also argued that Kretschmer reasonably relied on the representation of BANA's counsel and believed a short sale would be sufficient despite the filing of the Complaint and that this constituted mistake or excusable neglect. BANA's counsel stated that his understanding was that no short sale offer was pending, that at the time the Real Estate was simply listed for sale, that BANA may consider an offer that might come in but its decision whether to accept the amount offered would be completely discretionary and that, even if a short sale was completed and the sale was for less than the indebtedness, a deficiency would still exist. BANA's counsel indicated, in response to a question by the court, that in his experience it is rare for a bank to pursue proceedings supplemental to obtain a remaining deficiency after a short sale but that it may occur. Near the end of the hearing, the court directed the parties to participate in a settlement conference. The parties did so in February 2013 but were unable to reach an agreement.

BANA filed a Notice of Completed Settlement Conference which stated in part: "The parties agreed to stay the foreclosure pending [Kretschmer's] submission of a possible short sale offer and [BANA's] subsequent review of said offer. As of May 1, 2013, neither [BANA] nor [BANA's] counsel had received [Kretchmer's] short sale offer and [BANA] is not actively conducting a short sale review." Id. at 69.

4

On September 3, 2013, BANA filed a Motion for Ruling on Kretschmer's Motion to Set Aside Default Judgment in which it stated that, at the February 2013 settlement conference, the parties orally agreed to stay foreclosure proceedings pending the review of Kretschmer by BANA for a short sale, that in May 2013, not having any active short sale offers for review, it filed its Notice of Completion of Settlement Conference, and that further delay in ruling on the motion stays BANA's ability to exercise its right to foreclose the Mortgage.

On September 11, 2013, Kretschmer filed a Motion for Hearing and Request to Submit Supplemental Evidence in which he alleged that, on August 30, 2012, he had a short sale offer for BANA, that BANA never responded to the short sale offer, and that as a result the buyer withdrew it. Kretschmer further alleged that, during the settlement conference in February 2013, he provided BANA with another short sale offer for the Real Estate, but BANA never responded to that short sale offer. Kretschmer argued that, because of BANA's failure to respond to either of the short sale offers, both offers fell through, impairing his collateral rights and discharging him from further liability.

On October 17, 2013, the court held a hearing on Kretschmer's Motion to Set Aside Default Judgment. At the hearing, BANA argued that a short sale is not a meritorious defense under Trial Rule 60(B) and that there was no obligation under Indiana law or the Note or Mortgage for it to accept less than it was owed under the Note and Mortgage. Counsel for Kretschmer argued that a short sale would have eliminated any kind of excess judgment against Kretschmer "and that is a meritorious defense." Transcript at 37. Kretschmer's counsel further argued:

5

> By virtue of their not continuing with the short sale, as I said in the affidavit, there were two short sales that fell through. This house was sold twice in a short sale and the bank never got back to Mr. Kretschmer as to whether or not they were going to accept the short sale offers. And by virtue of not getting back, the buyer in each of those sales walked away and so he has been materially harmed and he has been prejudiced even after the judgment.

Id.

On November 5, 2013, the court entered an Order denying Kretschmer's Motion to Set Aside Default Judgment.

## DISCUSSION

The issue is whether the trial court erred or abused its discretion in denying Kretschmer's Motion to Set Aside Default Judgment under Ind. Trial Rule 60(B). Kretschmer points to Allstate Ins. Co. v. Watson, 747 N.E.2d 545 (Ind. 2001), and argues that he reasonably relied upon the representation made by the office of BANA's counsel "to not worry and stay in the short sale" in not filing an answer to BANA's complaint. Appellant's Brief at 7. Kretschmer further argues that he presented a meritorious defense, namely, that "[i]f the trial court's judgment were set aside, [he] would have an opportunity to present evidence about the short sale, which would absolve him of any remaining personal liability to [BANA]" and that "[a] meritorious defense is further shown by [BANA's] failure to mitigate in this case by choosing to ignore the two short sale buyers presented." Id. at 8-9. BANA contends that Kretschmer's reliance on advice of a third party does not rise to the standard of excusable neglect and that he was not relieved of his responsibility to respond to the Complaint. BANA further argues that the short sale offers Kretschmer alleges to have presented were only a possibility, that it was not required to

6

accept such offers, and that the results would not have changed had the case been tried on the merits.

A grant of equitable relief under Ind. Trial Rule 60 is within the discretion of the trial court. Wagler v. West Boggs Sewer Dist., Inc., 980 N.E.2d 363, 371 (Ind. Ct. App. 2012), reh'g denied, trans. denied, cert. denied, 134 S. Ct. 952 (2014). We review a trial court's ruling on Rule 60 motions for abuse of discretion. Id. An abuse of discretion occurs when the trial court's judgment is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. Id. When reviewing the trial court's determination, we will not reweigh the evidence. Id. Ind. Trial Rule 60(B) affords relief in extraordinary circumstances which are not the result of any fault or negligence on the part of the movant. Id. at 371-372. On a motion for relief from judgment, the burden is on the movant to demonstrate that relief is both necessary and just. Id. at 372. A trial court must balance the alleged injustice suffered by the moving party against the interests of the party who prevailed and society's interest in the finality of judgment. Id.

Ind. Trial Rule 60(B) provides in part that "[o]n motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons: (1) mistake, surprise, or excusable neglect; . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party . . . ." A movant filing a motion for reasons (1) and (3) must allege a meritorious claim or defense. Trial Rule 60(B). A Trial Rule 60(B)(1) motion does not attack the substantive, legal merits of a judgment, but rather addresses the procedural, equitable grounds justifying the relief from the finality of a judgment. Kmart

7

v. Englebright, 719 N.E.2d 1249, 1253 (Ind. Ct. App. 1999), trans. denied. The burden is on the movant to affirmatively demonstrate that relief is necessary and just. Id. A motion for relief from judgment under Rule 60(B) is not a substitute for a direct appeal. In re Paternity of P.S.S., 934 N .E.2d 737, 740 (Ind. 2010). There is no general rule as to what constitutes excusable neglect under Trial Rule 60(B)(1). Kmart, 719 N.E.2d at 1254. Each case must be determined on its particular facts. Id. The following facts have been held to constitute excusable neglect, mistake, or surprise:

> (a) absence of a party's attorney through no fault of party; (b) an agreement made with opposite party, or his attorney; (c) conduct of other persons causing party to be misled or deceived; (d) unavoidable delay in traveling; (e) faulty process, whereby party fails to receive actual notice; (f) fraud, whereby party is prevented from appearing and making a defense; (g) ignorance of the defendant; (h) insanity or infancy; (i) married women deceived or misled by conduct of husbands; (j) sickness of a party, or illness of member of a family.

Id. (citing Cont'l Assurance Co. v. Sickels, 145 Ind. App. 671, 675, 252 N.E.2d 439, 441 (1969)). With respect to the requirement that the movant establish a meritorious claim or defense, a meritorious defense for the purposes of Rule 60(B) is "one that would lead to a different result if the case were tried on the merits." Wagler, 980 N.E.2d at 372 (citation omitted). "[A] default judgment is not generally favored, and any doubt of its propriety must be resolved in favor of the defaulted party." Allstate, 747 N.E.2d at 547 (citation omitted). "It is an extreme remedy and is available only where that party fails to defend or prosecute a suit. It is not a trap to be set by counsel to catch unsuspecting litigants." Id. (citation and internal quotation marks omitted).

In this case, Kretschmer has alleged facts of "an agreement made with opposite party, or his attorney" and of "conduct of other persons causing party to be misled or deceived," see Kmart, 719 N.E.2d at 1254, and we find that he established that his failure to timely file an answer to BANA's complaint was the result of excusable neglect under Trial Rule 60(B)(1) due to the information provided by the office of BANA's counsel. In addition, Trial Rule 60(B)(3) permits a court to set aside a default judgment for reasons of fraud, misrepresentation or other misconduct of an adverse party. In Allstate, cited by Kretschmer, the Indiana Supreme Court noted that, "[a]fter filing the complaint, the Watsons' attorney explicitly assured Allstate that he would not seek a default judgment while negotiations were pending and, should they break down, he would give adequate time for Allstate's counsel to respond" and that, "[c]ontrary to his representations, however, the attorney took a default judgment . . . ." 747 N.E.2d at 548. The Court held that "the circumstances presented here compel us to conclude that the trial court should have granted Allstate's motion for relief from the default judgment" and that "Allstate has clearly established grounds which justify setting aside the default judgment pursuant to Trial Rule 60(B)(3)." Id. In his affidavit in support of his motion to set aside default judgment, Kretschmer alleged that he had contacted counsel for BANA when he received notice of BANA's complaint to inquire about the foreclosure, that he had "informed someone at [BANA's] counsel's office that [his] house was in a short sale," and that he "was told not to worry about anything and to continue with the short sale." Appellant's Appendix at 55. Kretschmer stated that, as a result of the information he received, he continued with the short sale and did not appear in the case or hire an attorney, but that

9

nevertheless, on June 6, 2012, BANA filed an application for default judgment. The facts alleged by Kretschmer are analogous to those presented in <u>Allstate</u>. Further, "any doubt" regarding the propriety of entry of default judgment "must be resolved in favor of the defaulted party." <u>Allstate</u>, 747 N.E.2d at 547. We find that Kretschmer has demonstrated grounds for setting aside the court's entry of default judgment pursuant to Trial Rule 60(B)(1) and (3).

In order to obtain relief under reasons (1) or (3) of Trial Rule 60(B), Kretschmer must also show that he alleged a meritorious defense. Trial Rule 60(B) by its terms requires only an allegation of a meritorious defense. "A meritorious defense is one demonstrating that, if the case was retried on the merits, a different result would be reached." <u>Baxter v. State</u>, 734 N.E.2d 642, 646 (Ind. Ct. App. 2000). The moving party "need not prove absolutely the existence of a meritorious defense." <u>Bunch v. Himm</u>, 879 N.E.2d 632, 637 (Ind. Ct. App. 2008). Rather, the party must make a *prima facie* showing of a meritorious defense. <u>Id.</u> Kretschmer was required only to *allege* a meritorious defense and was not required to present admissible evidence to satisfy the requirement. <u>See</u> <u>Goodson v. Carlson</u>, 888 N.E.2d 217, 222 n.9 (Ind. Ct. App. 2008) (holding that "[c]ontrary to the Carlsons' argument, Goodson was not required to present *admissible* evidence to satisfy the meritorious defense requirement") (citation omitted)).

We recognize that Kretschmer has not challenged the validity of the Note or Mortgage or that he defaulted under the payment terms of the Note. However, Kretschmer has alleged facts which, if true, may support defenses of estoppel and contractual sabotage under the <u>Hamlin</u> doctrine. Estoppel "is a concept by which one's own acts or conduct

10

prevents the claiming of a right to the detriment of another party who was entitled to and did rely on the conduct." Brown v. Branch, 758 N.E.2d 48, 51-52 (Ind. 2001) (citation omitted). Estoppel consists of the following elements: "(1) a promise by the promissor; (2) made with the expectation that the promisee will rely thereon; (3) which induces reasonable reliance by the promisee; (4) of a definite and substantial nature; and (5) injustice can be avoided only by enforcement of the promise." Id. (citation omitted). Kretschmer has alleged that the office of BANA's counsel told him "not to worry about anything and to continue with the short sale" and that, "[a]s a result of the information [he] received, [he] did not appear in this case or hire an attorney, but decided to continue with the short sale." Appellant's Appendix at 55. The fact-finder could conclude on the merits that BANA promised Kretschmer that, if he proceeded with a short sale and obtained an acceptable price, it would not foreclose on the property, that it was reasonable for Kretschmer to rely on the promise, and that Kretschmer did rely on the promise by obtaining and presenting to BANA at least two offers to purchase the Real Estate. If these facts were found to be true, it would be an injustice not to enforce BANA's promise and allow Kretschmer a reasonable opportunity to obtain a short sale.

Further, we observe that Kretschmer's allegations, if true, could show that BANA engaged in contractual sabotage or other acts of bad faith as contemplated by the Hamlin doctrine. "The Hamlin doctrine prevents a party from acts of contractual sabotage or other acts in bad faith by a party that cause the failure of a condition." Ind. State Highway Comm'n v. Curtis, 704 N.E.2d 1015, 1019 (Ind. 1998) (discussing Hamlin v. Steward, 622 N.E.2d 535 (Ind. Ct. App. 1993)). Where a condition "is itself the approval by some

11

division or component of the party, however, the obligation is only to consider that approval in good faith." Id. If Kretschmer's assertions that BANA promised to allow him more time to attempt to obtain an acceptable short sale offer are credited, then it was incumbent upon BANA to give due consideration to any short sale offers Kretschmer submitted for approval. Finally, we observe that Ind. Code § 24-4.4-2-201 provides in part that a creditor who fails to respond to a short sale offer may be liable in an action under 12 U.S.C. 2605(f), and the fact that Kretschmer may be entitled to damages under certain circumstances supports the conclusion that, if the case were tried on the merits, a different result may be reached.

Based upon the record, we find that Kretschmer has demonstrated grounds for setting aside the entry of default judgment pursuant to Trial Rule 60(B)(1) and (3) and has alleged a meritorious defense. Therefore, the trial court erred in denying his Motion to Set Aside Default Judgment.

## CONCLUSION

For the foregoing reasons, we reverse the order of the trial court denying Kretschmer's Motion to Set Aside Default Judgment and remand for further proceedings.

Reversed and remanded.

VAIDIK, C.J., and NAJAM, J. concur.