Mathias, Judge, dissenting.
*813 [1] I agree with the trial court that Safway did not establish mistake, surprise, or excusable neglect sufficient to justify relief, under Trial Rule 60(B)(1), from the default judgment entered in favor of Fields. I part ways with the trial court, and the majority, however, to the extent that they conclude that Safway was entitled to relief under Rule 60(B)(8).
[2] The majority agrees with the trial court that Safway's actions constituted inexcusable neglect, but that equitable considerations justify relief from judgment. But it has long been held that Rule 60(B) permits relief "in extraordinary circumstances which are not the result of any fault or negligence on the part of the movant." Kretschmer v. Bank of Am., N.A. , 15 N.E.3d 595, 600 (Ind. Ct. App. 2014) (citing Wagler v. West Boggs Sewer Dist. , 980 N.E.2d 363, 371-72 (Ind. Ct. App. 2012), trans. denied ), trans. denied ; see also Goldsmith v. Jones , 761 N.E.2d 471, 474 (Ind. Ct. App. 2002) (citing Whitaker v. St. Joseph's Hosp. , 415 N.E.2d 737, 744 n.6 (Ind. Ct. App. 1981) ). Also, a party seeking relief from the judgment under Rule 60(B)(8) must show that its failure to act was not merely due to an omission involving the mistake, surprise or excusable neglect; instead, some extraordinary circumstances must be demonstrated affirmatively, and these circumstances must be other than those circumstances enumerated in the preceding subsections of Rule 60(B). Indiana Ins. Co. v. Ins. Co. of N. Am. , 734 N.E.2d 276, 279-80 (Ind. Ct. App. 2000) (quoting Blichert v. Brososky , 436 N.E.2d 1165, 1167 (Ind. Ct. App. 1982) ), trans. denied .
[3] Here, the trial court found that Safway's failure to respond to the complaint was negligent. It further found that Safway's negligence was not excusable for purposes of relief under Rule 60(B)(1). But this does not mean that an inexcusably negligent movant such as Safeway may then gain relief under Rule 60(B)(8). To the contrary, it means that they may not be afforded relief at all. Indeed, if a party's neglect does not constitute excusable neglect under Rule 60(B)(1), it would make no sense to nevertheless afford that party relief under Rule 60(B)(8). Otherwise, a party could do an end run around Rule 60(B)(1), opening up the possibility of a parade of cases bypassing the intent of the rule to permit relief only for excusable neglect.
[4] Under circumstances where the moving party was negligent, Rule 60(B)(1) should be the exclusive remedy. If that party's negligence was inexcusable, they should not be afforded relief under Rule 60(B)(8). Because the majority concludes otherwise, I respectfully dissent.