## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 18 2020, 8:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Robert D. King, Jr.
David R. Thompson
The Law Office of Robert D. King, Jr., P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Jeremy M. Noel
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

John M. Hauber, not Individually but as Chapter 13 Trustee for the Bankrupt Estate of Abreena Townsend,

*Appellant-Plaintiff,*

v.

Michael Muncy and Lutherstock Properties, LLC,

*Appellees-Defendants*

August 18, 2020

Court of Appeals Case No. 19A-CT-2890

Appeal from the Marion Superior Court

The Honorable Timothy W. Oakes, Judge

The Honorable Caryl F. Dill, Magistrate

Trial Court Cause No. 49D02-1704-CT-14744

**Crone, Judge.**

## Case Summary

Postal carrier Abreena Townsend was bitten by a dog while delivering mail to an Indianapolis residence. John M. Hauber, acting as the Chapter 13 trustee for Townsend's bankruptcy estate, filed a negligence action against Michael Muncy, whom Townsend believed to be the dog's owner, and Lutherstock Properties, LLC (Lutherstock), as owner and landlord of the residence.[1] Townsend sought and was granted a default judgment against both defendants. Lutherstock filed a motion to set aside default judgment, which the trial court granted. Townsend now appeals the trial court's ruling. Finding that the trial court acted within its discretion in setting aside default judgment against Lutherstock, we affirm.

## Facts and Procedural History

In January 2017, Townsend was delivering mail to an Indianapolis residence when she was bitten by a dog that was running loose on the property. She filed a negligence action against Muncy, as the alleged owner of the dog. She filed an amended complaint against Muncy, as the dog's alleged owner, and Lutherstock, as owner of the property, claiming that each knew or should have known that the dog had dangerous propensities and that each failed to secure or

---

[1] Townsend filed her first complaint individually against only Muncy. She filed an amended complaint under the name of Hauber, as trustee for her pending bankruptcy proceedings, naming both Muncy and Lutherstock as defendants. On May 21, 2019, the United States Bankruptcy Court, Southern District of Indiana, dismissed Townsend's bankruptcy case. Appellant's App. Vol. 2 at 50. She appears individually in this appeal.

supervise the dog and failed to warn her concerning the dog. She also alleged negligence per se, based on the defendants' alleged violations of a local ordinance prohibiting domesticated animals from roaming at large.

[3] On April 12, 2017, service of process was attempted by certified mail on Lutherstock at the address listed in its corporate documents and on Muncy at his last known address. Both were returned as undeliverable. On September 11, 2018, Townsend filed a praecipe for summons service by publication on both defendants. On October 18, 2018, Townsend filed a proof of notice by publication, pursuant to which each defendant was given thirty days to respond. Neither of the defendants appeared or filed a responsive pleading. On January 17, 2019, Townsend filed a motion for default judgment against both defendants pursuant to Indiana Trial Rule 55. On February 6, 2019, the trial court granted her motion for default judgment and scheduled a hearing on the issue of damages.

[4] On October 7, 2019, Lutherstock filed a motion to set aside default judgment pursuant to Indiana Trial Rule 60(B)(4), claiming a meritorious defense. The motion was accompanied by an affidavit from Lutherstock's owner and sole member, Alfred Warren, averring that he had no actual knowledge of Townsend's action until after default judgment was entered, that the address to which the summons and complaint were sent was not current for Lutherstock or for himself individually, that Lutherstock owned the property and had leased it to three tenants on the date of the dog bite, that Muncy was not one of those

tenants and had never been a tenant of Lutherstock, and that Warren had never heard of Muncy and had never given consent for a pet on the leased premises.

[5] Following a hearing, the trial court issued an order granting Lutherstock's motion to set aside default judgment. Townsend now appeals. Additional facts will be provided as necessary.

## Discussion and Decision

[6] Townsend asserts that the trial court erred in granting Lutherstock's Trial Rule 60(B) motion to set aside default judgment. "Default judgment is an extreme remedy and …. whenever possible, courts should decide cases on their merits." *Citimortgage, Inc. v. Barabas*, 975 N.E.2d 805, 812 (Ind. 2012) (citations omitted). Any doubt concerning the propriety of the default judgment must be resolved in favor of the defaulted party. *Kretschmer v. Bank of America, N.A.*, 15 N.E.3d 595, 601 (Ind. Ct. App. 2014), *trans. denied* (2015). When reviewing a trial court's ruling on a motion to set aside default judgment, we apply an abuse of discretion standard. *Speedway SuperAmerica, LLC v. Holmes*, 885 N.E.2d 1265, 1270 (Ind. 2008). An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or if the trial court has misinterpreted the law. *Fields v. Safway Grp. Holdings, LLC*, 118 N.E.3d 804, 809 (Ind. Ct. App. 2019), *trans. denied*. When a Trial Rule 60(B) motion involves a request to set aside a default judgment, the trial court's discretion should be exercised in light of the disfavor in which default

judgments are generally held. *Seleme v. JP Morgan Chase Bank*, 982 N.E.2d 299, 303 (Ind. Ct. App. 2012), *trans. denied* (2013).

[7] Trial Rule 60(B) provides a mechanism for obtaining relief from default judgment under certain limited circumstances, and the burden is on the movant to establish grounds for such relief. *Seleme*, 982 N.E.2d at 303. Trial Rule 60(B) states in pertinent part,

> On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:
>
> ….
>
> (4) entry of default judgment or judgment by default was entered against such party who was served only by publication and who was without actual knowledge of the action and judgment, order or proceedings;
>
> …. or
>
> (8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).
>
> The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8), and not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4). A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense.

Lutherstock based its motion on sub-paragraph (4) and therefore was required to file the motion within the required time limit, to make a prima facie showing of a meritorious defense, and to demonstrate a lack of actual knowledge of the action until after default judgment was entered. *First Chicago Ins. Co. v. Collins*, 141 N.E.3d 54, 62 (Ind. Ct. App. 2020).

[8] At the hearing on Lutherstock's motion to set aside default judgment, Townsend focused her argument on the timing of Lutherstock's motion, claiming that it was untimely filed because it was filed more than a year after she served notice by publication. Her argument is misplaced. Trial Rule 60(B) specifies that the party seeking relief from judgment under sub-paragraph (4) shall file its motion "not more than one year *after the judgment*, order or proceeding *was entered*." (Emphases added.) The trial court entered default judgment on February 6, 2019, and Lutherstock timely filed its Trial Rule 60(B) motion on October 7, 2019.

[9] Lutherstock also was required to make a prima facie showing of a meritorious defense to the underlying action. A meritorious defense refers to "evidence that, if credited, demonstrates that a different result would be reached if the case were retried on the merits and that it is unjust to allow the default to stand." *Smith v. Johnston*, 711 N.E.2d 1259, 1265 (Ind. 1999). The underlying action against Lutherstock is a negligence claim based on the acts of a presumed tenant's dog. To prevail against a landowner/landlord for the acts of a tenant's dog, the plaintiff must prove that the landowner retained control over the leased property and that the landowner had actual knowledge of the tenant's dog's

dangerous propensities. *Morehead v. Deitrich*, 932 N.E.2d 1272, 1276 (Ind. Ct. App. 2010), *trans. denied* (2011).

[10] In analyzing whether Lutherstock articulated a meritorious defense and whether it had actual knowledge of the action, we refer to the attached affidavit of Warren, Lutherstock's sole member and registered agent. In his affidavit, Warren averred as follows: that he had no actual knowledge of the pending action until after the court issued the default judgment; that the address to which the summons and complaint were sent was neither the current business address of Lutherstock nor his personal address; that Lutherstock owned the property where the dog bite allegedly occurred but did not retain any possession or control over the property; that Warren never entered the leased property without notice; that the property had no common areas; that Muncy was never Lutherstock's tenant; that Warren had never heard of Muncy; that the tenants on the date of the incident were John Edwards, Sean Miller, and Hubert Cox II; that Warren had never given consent for a pet on the premises; and that he was never put on notice of any pet there. Appellant's App. Vol. 2 at 36-38. As reflected in Warren's affidavit, Lutherstock neither retained control over the leased property nor had actual knowledge of the presence of *any* dog there, let alone one with dangerous propensities. Moreover, Warren expressly averred that as Lutherstock's sole member and registered agent, he did not have actual knowledge of the underlying action until after default judgment was entered. Thus, Lutherstock made a prima facie showing of a meritorious defense and established a lack of actual knowledge of the action.

Townsend claims that Lutherstock is not entitled to relief from judgment because it failed to update its registered agent's address with the secretary of state's office as required by statute. *See* Ind. Code § 23-0.5-4-7(a) (if registered agent changes name, address, or email, agent shall deliver to secretary of state a statement of such change, specifying name of entity and both old information and changes to that information). Lutherstock acknowledges that it did not update its registered agent's address but maintains that relief from default judgment nevertheless was appropriate because it was without actual knowledge of the action, articulated a meritorious defense, and was actually "served only by publication" under Trial Rule 60(B)(4), the last of which Townsend does not dispute.

With the foregoing in mind, we address Townsend's claim that granting Lutherstock relief from her default judgment will result in an injustice because she now knows the true identity of the tenants (as listed in Warren's affidavit) and is time-barred from pursuing them. However, Townsend is the one who named Muncy as a defendant based on her assumptions that he was the dog's owner and that he was a tenant of Lutherstock. These mistaken assumptions were not attributable to Lutherstock. Unfortunately for Townsend, she now owns a default judgment against a defendant whose whereabouts are unknown. But she is not without a remedy against Lutherstock, should she be able to prove her case against it on the merits.

In short, Lutherstock lacked actual knowledge of the action at the time default judgment was entered, timely filed its motion to set aside default judgment, and

made a prima facie showing of a meritorious defense to the underlying negligence action. We therefore conclude that the trial court acted within its discretion in setting aside default judgment against Lutherstock. In affirming the trial court, we by no means condone an entity's failure to update its contact information with the secretary of state's office. However, we are mindful of the strong disfavor in which default judgments are held and the trial court's ensuing duty to exercise its discretion in accordance with Indiana's well-settled preference for hearing cases on the merits. *Seleme*, 982 N.E.2d at 303. Consequently, we affirm.

Affirmed.

Bailey, J., and Altice, J., concur.