



FILED

Jan 02 2024, 9:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 23S-PL-171

## Expert Pool Builders, LLC,
*Appellant/Defendant,*

–v–

## Paul Vangundy,
*Appellee/Plaintiff.*

---

Argued: September 28, 2023 | Decided: January 2, 2024

Appeal from the St. Joseph Superior Court
No. 71D06-2110-PL-366
The Honorable Jamie C. Woods, Judge

On Petition to Transfer from the Indiana Court of Appeals
No. 22A-PL-1499

---

**Opinion by Justice Molter**

Chief Justice Rush and Justices Massa, Slaughter, and Goff concur.

**Molter, Justice.**

Defendant Expert Pool Builders, LLC appeals the trial court's default judgment for Plaintiff Paul Vangundy, which the trial court entered because Expert Pool did not timely file a response to Vangundy's complaint. Expert Pool opposed Vangundy's motion for a default judgment three times: first through a written response, then through oral argument at a hearing before the court entered judgment, and lastly through an unsuccessful Trial Rule 59 motion to correct error after the court entered judgment. But a divided Court of Appeals panel nevertheless concluded Expert Pool waived its challenge to the default judgment. The majority understood our decision in *Siebert Oxidermo, Inc. v. Shields*, 446 N.E.2d 332 (Ind. 1983), as requiring Expert Pool to reassert its argument in a Trial Rule 60(B) motion to set aside the judgment before it could obtain appellate review and dismissed the appeal.

Judge Vaidik dissented, explaining that *Siebert*'s requirement to file a Trial Rule 60(B) motion applies only to a default judgment that a trial court enters before a party responds to the motion for default judgment. The requirement does not apply to a default judgment entered over a party's objection based on the same argument that the party advances on appeal and that the trial court already rejected. We granted transfer, and we now embrace Judge Vaidik's analysis.

On the merits, we must affirm the trial court. After considering the parties' conflicting representations and evidence, the trial court concluded the parties never agreed to extend Expert Pool's deadline for a responsive pleading and that Expert Pool simply chose to ignore Vangundy's complaint. On appeal, Expert Pool asks us to reweigh the trial court's factual determinations, including its credibility determinations, and to rebalance the equities. But our standard of review does not permit that. Thus, we hold that Expert Pool preserved its issues for appeal but affirm the trial court's entry of default judgment against Expert Pool.

# Facts and Procedural History

Expert Pool sells and installs in-ground swimming pools. One of its employees, Guiseppe Borracci, sold Paul Vangundy a pool through an October 27, 2020 contract. The contract, however, identified only "Giuseppe [sic] Borracci aka IPOOLS UNLIMITE[D]" as the pool contractor, and Expert Pool says it was unaware of the transaction. Appellant's App. Vol. 2 at 33. A few days after Borracci contracted with Vangundy, Expert Pool fired Borracci. Then, when Vangundy asked Expert Pool in March 2021 about the construction timeline for his pool, Expert Pool informed him that it no longer employed Borracci, had no affiliation with IPOOLS Unlimited, and did not have a contract with Vangundy.

Several months later, in October 2021, Vangundy sued Borracci, IPOOLS Unlimited, and Expert Pool, alleging breach of contract, unjust enrichment, violations of a home improvement statute, violations of the Indiana Deceptive Consumer Sales Act, fraud, negligence, and liability through agency. Because all the defendants failed to respond, Vangundy moved for default judgment. In December 2021, the trial court granted his motion.

Roughly three weeks later, Expert Pool moved to set aside the default judgment based on improper service. The trial court granted this motion shortly after the New Year, setting aside the judgment and giving Expert Pool until February 7, 2022, to respond. After Expert Pool failed to respond by the deadline, Vangundy again moved for default judgment on February 9, 2022.

Expert Pool opposed the motion for default judgment on the same day and moved to dismiss Vangundy's complaint two days later. In his response to Vangundy's second motion for default judgment, Expert Pool's counsel claimed that following several phone calls in early January, the parties agreed the company could delay its response until after Vangundy and his counsel had an "opportunity to confer . . . about [the potential] dismissal of [Expert Pool]." *Id.* at 45.

About a week later, Vangundy filed a response disputing Expert Pool's representations and asserting that the parties never agreed to extend the responsive pleading deadline. In support, Vangundy's counsel submitted her law firm's call records, her personal call records, and an affidavit denying Expert Pool's unsupported claims. Vangundy's counsel also submitted a transcript of a voicemail from Expert Pool's counsel on January 24, 2022, where Expert Pool's counsel stated:

> I did wanna touch base with you as to where your client stands . . . as to my folks['] . . . involvement[,] at least as it pertains to the defendant in the case . . . so that I can . . . give clear direction as to what our next steps are going to be in responding to the complaint.

Appellee's App. Vol. II at 91. Although Vangundy's counsel promptly returned this phone call and left a voicemail, she never heard back from Expert Pool's counsel.

In March, the trial court held a hearing on Vangundy's second motion for default judgment and Expert Pool's motion to dismiss. Vangundy's counsel again asserted that the parties never agreed to the alleged extension of time and asked the court to grant her client's motion. Expert Pool's counsel maintained that the parties had agreed on a deadline extension and that the parties' disagreement "boil[ed] down to [a simple] lack of communication" and "issues over people being in and out of the office." Tr. at 9. While Vangundy's counsel presented the court with her work and personal call records, an affidavit denying Expert Pool's allegations, and the voicemail transcript, Expert Pool's counsel failed to present any evidence to support his claims.

A few days later, the trial court granted Vangundy's second motion for default judgment, concluding the evidence reflected that the parties never agreed to a deadline extension and that Expert Pool chose not to respond to Vangundy's complaint. The court also declined to rule on Expert Pool's motion to dismiss "due to the entry of [j]udgment in favor of [Vangundy]." Appellant's App. Vol. 2 at 16. Expert Pool then filed a motion to correct error under Trial Rule 59, which the trial court denied.

Expert Pool appealed, but a divided panel of our Court of Appeals dismissed the appeal, reasoning that Expert Pool had to first file a Rule 60(B) motion to set aside the default judgment before pursuing an appeal. *Expert Pool Builders, LLC v. Vangundy*, 203 N.E.3d 508, 513 (Ind. Ct. App. 2023). Judge Vaidik dissented, disagreeing that a Rule 60(B) motion was necessary since Expert Pool opposed the motion for default judgment and filed a motion to correct error. *Id.* (Vaidik, J., dissenting). Expert Pool then petitioned for transfer, which we granted, 211 N.E.3d 1010 (Ind. 2023), thus vacating the Court of Appeals' opinion, Ind. Appellate Rule 58(A).

## Standard of Review

We review a trial court's decision to enter a default judgment for an abuse of discretion. *Whetstine v. Menard, Inc.*, 161 N.E.3d 1274, 1279 (Ind. Ct. App. 2020) ("The decision to grant or deny a motion for default judgment is within the trial court's discretion." (quotations omitted)), *trans. denied*. That is because the trial court evaluates firsthand the relevant facts of each case and is in the best position to manage its docket, to balance the equities, and to determine the appropriate use of this extreme remedy. *See id.* at 1279–80. Similarly, we review a trial court's denial of a motion to correct error for an abuse of discretion. *Berg v. Berg*, 170 N.E.3d 224, 227 (Ind. 2021). A trial court exceeds its discretion when its decision is unlawful, illogical, or otherwise unreasonable. *Id.*; *Flynn v. State*, 497 N.E.2d 912, 915 (Ind. 1986) (explaining that a trial court exceeds its discretion when it prejudices a party through a decision which is "unreasonable in the light of all attendant circumstances" or is otherwise "clearly untenable or unreasonable" (quotations omitted)).

## Discussion and Decision

To resolve this appeal, we first consider whether Expert Pool preserved its challenge to the default judgment or instead needed to file a Trial Rule 60(B) motion to set aside the judgment before pursuing its appeal. Concluding that Expert Pool's opposition to the motion for default judgment preserved its challenge for appeal, we hold that Expert Pool did

not need to file a Trial Rule 60(B) motion. Turning to the merits, we hold that Expert Pool's challenge to the default judgment requires us to reweigh the evidence and rebalance the equities, which our standard of review does not permit. We therefore affirm the trial court.

## I. Expert Pool was not required to file a Rule 60(B) motion to preserve its right to appeal.

Vangundy's threshold argument is that Expert Pool waived its challenge to the default judgment by not filing a Trial Rule 60(B) motion to set aside the judgment before seeking appellate review. We disagree.

Generally, we limit appellate review to arguments the parties first presented to the trial court. *Plank v. Cmty. Hosps. of Ind., Inc.*, 981 N.E.2d 49, 53 (Ind. 2013). "Declining to review an issue not properly preserved for review is essentially a cardinal [principle] of sound judicial administration." *Id.* (quotations omitted). The rule promotes efficiency by protecting parties from wasting time and money chasing moving targets, battling over arguments in the trial court only to start anew on appeal with different arguments. *Clarkson v. Dep't of Ins. of Ind.*, 425 N.E.2d 203, 206 (Ind. Ct. App. 1981). The rule promotes fairness by ensuring the parties can use the trial rules and the trial court to fully develop all their factual and legal arguments before obtaining appellate review. *See Miller v. Griesel*, 261 Ind. 604, 609, 308 N.E.2d 701, 705 (1974) ("It is improper, therefore, to raise such a devastating bar to an action without giving the plaintiffs the opportunity to litigate the question and raise legal and factual contentions concerning it."). And the rule reflects the respective roles of trial and appellate courts, both because it facilitates the trial court's factual, procedural, and legal development of arguments before they are ripe for appellate review, *Pearman v. Stewart Title Guar. Co.*, 108 N.E.3d 342, 350 (Ind. Ct. App. 2018), *trans. denied*, and because we are generally hard-pressed to say through our appellate review that a trial court erred by not accepting an argument it was never even asked to

consider. *Newland Res., LLC v. Branham Corp.*, 918 N.E.2d 763, 770 (Ind. Ct. App. 2009).[1]

Expert Pool sufficiently preserved its argument for appellate review. When Vangundy moved for default judgment based on Expert Pool's failure to answer the complaint or file a motion to dismiss, Expert Pool filed a written response arguing that the trial court should deny the motion because the parties had agreed to extend Expert Pool's deadline. Then, Expert Pool made the same arguments at a hearing on the motion. And after the trial court entered the default judgment over Expert Pool's objection, Expert Pool then filed a Trial Rule 59 motion to correct error—based on the same substantive arguments it advanced before—asking the trial court to reconsider its decision, which the trial court denied. That is ample appellate preservation.

Vangundy disagrees, arguing that our decision in *Siebert Oxidermo, Inc. v. Shields*, 446 N.E.2d 332 (Ind. 1983), required that before Expert Pool could pursue an appeal, it had to make its argument a fourth time through a Trial Rule 60(B) motion to set aside the judgment. In *Siebert*, the defendant failed to appear, and the trial court entered a default judgment against the defendant. *Id.* at 334. Upon learning of the default judgment, Siebert then filed a Trial Rule 60(B) motion to set aside that default judgment, and we held that was sufficient to preserve the issue for appeal. We also explained that "the proper procedure in the Indiana Rules of Trial Procedure for setting aside an entry of default or grant of default judgment thereon is to first file a Rule 60(B) motion to have the default or default judgment set aside." *Id.* at 334, 337.

But unlike the defendant in *Siebert*, Expert Pool appeared in the case, filed a written opposition to the motion for default judgment, and appeared at a hearing to oppose the motion, all before the trial court

---

[1] Because appellate waiver is a judicially crafted tool for judicial administration, it sometimes yields to other considerations, such as a narrow exception we recognize for "fundamental errors," which are errors that make a fair trial impossible or reflect a blatant violation of basic due process principles yielding an undeniable risk of substantial harm. *Kelly v. State*, 122 N.E.3d 803, 805 (Ind. 2019).

entered the default judgment. Because Expert Pool obtained a definitive ruling from the trial court rejecting its argument that a default judgment was improper because the parties had agreed to extend the responsive pleading deadline and there was no prejudice from any delay, Expert Pool was not required to do anything further to preserve the issue for appeal.

*Siebert* did not create a special appellate preservation rule for default judgments. Rather, it simply applied the general rule that a party may not assert an argument on appeal that it has not first made in the trial court. When—as is usually the case and was the case in *Siebert*—a default judgment is entered before the defendant has made any argument in opposition, the only remaining vehicle for the defendant to make an argument in the trial court is a Trial Rule 60(B) motion to set aside the judgment. But when a defendant has presented its argument opposing default judgment before judgment is entered, there is no need to file a post-judgment motion. After all, efficient judicial administration underlies the general appellate-preservation rules, and requiring parties to keep futilely reasserting arguments undermines efficiency.[2]

Still, Vangundy worries our approach blurs the Court of Appeals' easy-to-apply, bright-line rule that no party can appeal from a default judgment unless they first file a Trial Rule 60(B) motion. But rather than blurring any lines, we are merely holding that the same appellate-preservation requirements that apply in every other context apply just the same for default judgments. Once a party obtains a final ruling from the trial court, the party has preserved the issue for appellate review. *See Wise v. State*, 719 N.E.2d 1192, 1197 (Ind. 1999) (explaining that a party must obtain a "final ruling" to preserve an issue for appellate review).

---

[2] When *Siebert* was decided, our trial rules were different. At that time, parties had to file a Trial Rule 59 motion to preserve an issue for appellate review. Stephen E. Arthur, 22A Ind. Prac., Civil Trial Practice § 37.1 (2d ed.). For this reason, much of *Siebert* addressed and clarified the distinction between Rule 59 and 60(B) motions. 446 N.E.2d at 335–37. But now, there are only two instances in which a Trial Rule 59 motion to correct error is a prerequisite to taking an appeal: when a party seeks to address (1) newly discovered evidence or (2) a claim that a jury verdict was excessive. Ind. Trial Rule 59(A).

Having concluded that Expert Pool was not required to file a Trial Rule 60(B) motion before appealing, we next turn to the company's argument that the trial court exceeded its discretion by entering a default judgment.

## II. The trial court did not exceed its discretion by entering a default judgment.

Trial Rule 55(A) authorizes trial courts to enter a default judgment if a defendant fails to respond to the plaintiff's complaint. A default judgment is an "extreme remedy" reserved for parties who "fail[ ] to defend or prosecute a suit." *Smith v. Johnston*, 711 N.E.2d 1259, 1264 (Ind. 1999). "It is not a trap to be set by counsel to catch unsuspecting litigants." *Id.* And when applying Trial Rule 55(A), the trial court "should use its discretion to do what is 'just' in light of the unique facts of each case," mindful of "the disfavor in which default judgments are held." *Allstate Ins. Co. v. Watson*, 747 N.E.2d 545, 547 (Ind. 2001).

Expert Pool acknowledges it failed to file a timely response to Vangundy's complaint. But it argues the default judgment was unreasonable because the parties agreed to extend the responsive pleading deadline—or at least there was an honest misunderstanding about that—and Vangundy was not prejudiced because Expert Pool filed its motion to dismiss just two days after Vangundy moved for default judgment. In support of this argument, Expert Pool relies on our decision in *Huntington National Bank v. Car-X Associates Corporation*, 39 N.E.3d 652 (Ind. 2015).

That was a case in which junior creditor Car-X obtained a default judgment against senior creditor Huntington National Bank after Huntington failed to file a timely responsive pleading. *Id.* at 653. Huntington missed the deadline because its employee who typically received service of process was on parental leave and Huntington's foreclosure supervisor neglected to forward the complaint to the bank's attorney until after the deadline passed. *Id.* at 654. We remanded to the trial court to consider whether, under Trial Rule 60(B)(8), equitable reasons supported setting aside the default judgment, including

Huntington's meritorious defense to the suit, the substantial money at stake, and the lack of prejudice to Car-X. *Id.* at 658–59. But we did not direct the trial court to set aside the judgment; we directed only that the trial court consider the equities further, and we explained the trial court could also consider the fact that Huntington failed to show that its neglect was excusable. *Id.* at 659 n.3.

We concluded with some general guidance for trial courts considering default judgments: "[T]he important and even essential policies necessitating the use of default judgments—maintaining an orderly and efficient judicial system, facilitating the speedy determination of justice, and enforcing compliance with procedural rules—should not come at the expense of professionalism, civility, and common courtesy." *Id.* at 659. And a default judgment "should not be used as a 'gotcha' devise when an email or even a phone call to the opposing party inquiring about the receipt of service would prevent a windfall recovery and enable fulfillment of our strong preference to resolve cases on their merits." *Id.*

All that remains important guidance, and the trial court took it into account when making its decision here. Both the trial court's detailed written order and the hearing transcript reflect that the judge reviewed the parties' submissions carefully and then thoughtfully balanced the equities. Expert Pool leaned heavily on its explanation that during a January 10 phone call the parties agreed to an indefinite extension for the responsive pleading deadline while Vangundy was contemplating whether to dismiss Expert Pool from the lawsuit. And if that were the case, we would likely vacate the default judgment. *See Allstate Ins.*, 747 N.E.2d at 548, 549 (reversing the denial of a motion to set aside a default judgment where the plaintiff's counsel obtained a default judgment contrary to counsel's assurances to defense counsel that the plaintiff would not seek a default judgment while the parties' negotiations were ongoing). But the trial court concluded that was not the case.

Instead, Vangundy provided phone records from his attorney and her law firm disproving Expert Pool's claim that there was a January 10 telephone discussion at all, let alone a discussion about an extension of time. Vangundy's attorney also submitted a sworn statement that the

parties never discussed a potential extension. She acknowledged there was a phone call weeks before the responsive pleading deadline, but she said she responded to defense counsel's inquiry about dismissing Expert Pool by conveying that Vangundy would not be doing so, and she did not expect that Vangundy ever would. For its part, Expert Pool did not provide the court with any evidence of an agreed extension—no email to opposing counsel confirming an extension, no file notes reflecting a call to discuss an extension, no billing records with time entries reflecting a phone call to discuss an extension, and no client correspondence reflecting an extension.

After weighing the evidence, including an assessment of the credibility of the representations each attorney was making, the trial court credited Vangundy's evidence, concluding that Expert Pool simply chose to ignore the responsive pleading deadline. The trial court also considered the professionalism and prejudice factors we noted in *Huntington National Bank*, 39 N.E.3d at 658–59.

At the hearing, the judge asked Vangundy's attorney why she did not call Expert Pool's attorney before filing the default judgment motion. She explained (and proved) that she called Expert Pool's counsel to discuss the case several weeks before filing the motion for default judgment, and opposing counsel never called her back. She also explained that the trial court already set aside one default judgment against Expert Pool, and this pending litigation was interfering with Vangundy's ability to sell his home. We emphasized in *Huntington National Bank* that plaintiffs cannot spring a default judgment as a trap for unsuspecting defendants. *Id.* at 659. Just as important, defendants cannot avoid a default judgment and delay litigation by simply ignoring plaintiffs.

No doubt this is a close case because the prejudice to Vangundy appears relatively minimal, and had the trial judge denied the motion for default judgment, we likely would have affirmed that decision too. But the trial court's decision turns on the sort of credibility assessments, factual determinations, and equitable balancing to which we must defer. Nothing in the trial court's decision is unlawful, illogical, or unreasonable,

and the default judgment did not come at the expense of professionalism, civility, or common courtesy.

## Conclusion

For these reasons, we affirm the trial court's entry of default judgment.

Rush, C.J., and Massa, Slaughter, and Goff, JJ., concur.

ATTORNEY FOR APPELLANT
Adam M. Sworden
Sworden Law, P.C.
Valparaiso, Indiana

ATTORNEYS FOR APPELLEE
Robert J. Palmer
Katlyn Foust Hunneshagen
Matthew J. Anderson
May Oberfell Lorber
Mishawaka, Indiana